Hedwig Camacho ENGLERT, Plaintiff
and Respondent,

v.

Edwin ENGLERT, Jr., Defendant
and Appellant.

No. 14978.

Supreme Court of Utah.

Feb. 23, 1978.

Jimi Mitsunaga, Salt Lake City, for defendant and appellant.

Harley W. Gustin and Paul H. Liapis, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Edwin Englert, Jr., appeals attacking only certain aspects of the award and property disposition in a divorce decree.

The parties were married on September 5, 1948, and had two children: Robert, born 1952, thus now 25, and Diane, born 1965, thus now 12.

During the 28 years of marriage the parties acquired a residence in Salt Lake City,

Utah, valued at approximately $40,000 with a mortgage of $7,500. They also accumulated other substantial assets consisting of savings accounts, land in Duchesne County, insurance policies and defendant's retirement fund through the Veterans Hospital, where he is Chief of the Gastro-Intestinal Section, from which he receives a gross income of $2,002.04 per month.

The trial court appears to have made a fair and equitable disposition of these assets between the parties and with respect to the alimony and support money, with the exceptions discussed below.

■ In regard to his duty to his children, appellant's brief states that: "He is voluntarily paying $150 to his son." As noted above, the son Robert is now 25 years old. Even though he is still attending Utah State University, there is no showing that he is disabled or limited in his ability to support himself. Therefore any contribution defendant makes to Robert is indeed voluntary [1] and does not diminish the amount which the decree requires him to pay the plaintiff as alimony and child support for herself and the daughter Diane.

Defendant's principal remonstrance against the judgment is that the court erred in considering as a family asset his "accrued retirement fund . . . at the Veterans Administration Hospital," amounting to $29,717. For the purpose of getting to that main contention of the defendant, we spare the admittedly somewhat complicated conditions the decree places upon the disposition of this fund in an apparent effort to assure payment of the alimony and support money provided therein. Defendant argues that his retirement fund is not "property" within the meaning of our statutes and should not be so considered in determining the rights of the parties under the divorce decree. He reasons that because that fund was accumulated as a result of his service and tenure, it is inequitable to permit the plaintiff to participate therein. He cites: *In re Marriage of Ellis,* 36 Colo.App. 234, 538 P.2d 1347 (1975),

where the Colorado Court of Appeals stated:

> We hold that the husband's army retirement pension and the future retired pay to be received thereunder do not constitute 'property' and are, therefore, not subject to division under the Colorado statute.

He also cites *Baker v. Baker,* Okl., 546 P.2d 1325 (1976) to the same effect.

By way of comparison defendant states in his brief that "Community-property states, notably California, Idaho, New Mexico and Oregon, have held that retirement funds and pensions that have accrued during the marriage are community property and subject to division between the parties upon dissolution of the marriage." Citing e. g. *Smith v. Lewis,* 13 Cal.3d 349, 118 Cal.Rptr. 621, 530 P.2d 589 (1925) and other cases. He argues therefrom that because those courts refer to that fact in holding that retirement benefits are community property and thus subject to allocation between the spouses when a marriage is dissolved, that that indicates that it should not be so in states, such as Utah, where the community-property status does not exist; and urges that holdings in community-property state cases are not controlling here and should not become our law. Further implementing his argument, he points to U.C.A. 1953, Sec. 49–10–48 which provides for the nonassignability and exception from legal process of benefits under insurance.

■ With due consideration for the plausibility of the defendant's arguments on the grounds just stated, we cannot agree with them. Sec. 49–10–48 relates only to the law of insurance and can have no effect upon the equitable powers of a court in divorce matters to deal with all assets of the parties.

■ Our statute which governs the property rights of the parties in divorce matters, 30–3–5, states:

---

1. That this is true except where a child is mentally or physically deficient and incapable of supporting himself see *Dehm v. Dehm,* Utah, 545 P.2d 525 (1976).

When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. . . .

It is to be particularly noted that that language is in general terms and contains no hint of limitation. The import of our decisions implementing that statute is that proceedings in regard to the family are equitable in a high degree; and that the court may take into consideration all of the pertinent circumstances.[2] It is our opinion that the correct view under our law is that this encompasses all of the assets of every nature possessed by the parties, whenever obtained and from whatever source derived; and that this includes any such pension fund or insurance. These should be given due consideration along with all other assets, income and the earnings and the potential earning capacity of the parties, in determining what is the most practical, just and equitable way to serve the best interests and welfare of the parties and their children.[3]

 Defendant's other ground of attack is that the decree requires him to maintain certain life insurance policies with his children as beneficiaries for a period of 15 years. On this point defendant is correct. He is not legally obligated to provide any such support or benefit for his son Robert who is 25 years of age; and he is obliged to do so for his daughter Diane only until she attains the age of 18 years.[4] It is therefore necessary that the decree be modified accordingly.

Affirmed as modified. The parties to bear their own costs.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

2. See *Pinion v. Pinion,* 92 Utah 255, 67 P.2d 265.

3. *Wilson v. Wilson,* 5 Utah 2d 79, 296 P.2d 977.

4. U.C.A.1953, Sec. 15–2–1, formerly provided that the period of minority extended in males to 21 years and females to 18 years, but in

S.L.U.1975, Ch. 39, Sec. 1, it was changed to make minority extend to 18 years for both sexes, however it added that courts in divorce actions *may* order support to age 21. See also exception noted in *Dehm v. Dehm* in footnote 1 above.