Charles N. BENNETT, Plaintiff and Appellant,

v.

Donna Mae BENNETT, Defendant and Respondent.

No. 16268.

Supreme Court of Utah.

Feb. 20, 1980.

Pete N. Vlahos, Ogden, for plaintiff and appellant.

J. Val Roberts, Centerville, for defendant and respondent.

WILKINS, Justice:

A petition for rehearing in this divorce action was granted by this Court after its per curiam unpublished opinion was filed on October 19, 1979, which affirmed the action of the District Court of Davis County.

Plaintiff and defendant were married on May 31, 1947, and have four children as issue of this marriage, two of whom are emancipated. The two minor children reside with defendant, to whom care, custody, and control were awarded on November 29, 1978, by the District Court.

The only issue we shall address here is whether the District Court erred in considering as an asset of this marriage the share of plaintiff's retirement fund contributed by the United States government. The plaintiff is—and has been—employed at Hill Air Force Base, Utah.

The Court, in its award to the defendant of the real property of the parties, the equity of which was $38,000, imposed a lien of $5,000 on that property in favor of the plaintiff, making the lien payable upon the occurrence of one of four conditions, which are not pertinent to this appeal.

The retirement officer in the Civilian Personnel Office at Hill Air Force Base, a Margaret S. Woods, testified that as of the time of this divorce hearing the present value of plaintiff's retirement fund was $15,681.95, the amount of his total contribution. She further stated that, the U. S. government had contributed the same amount to his retirement fund; viz., $15,681.95, and that plaintiff could withdraw *his* contribution any time prior to thirty-one days before the eligibility date for his retirement on May 7, 1984. The retirement officer further testified, "[t]he amount of money that he (plaintiff) has in the retirement fund does not have any bearing on what he would get under retirement monthly annuity. The only value of what he has in the retirement fund is for income tax purposes or death benefit purposes." She did not elaborate on this last, somewhat cryptic, sentence. But, from her uncontradicted testimony, we believe no reasonable interpretation can be placed on it other than one that concludes no present value can be assigned to that portion of plaintiff's retirement fund contributed by the U. S.

government. And the Court in its findings found no present value on this portion.

Significantly, the Court, in determining what an equitable amount of this lien should be, frankly acknowledged that it considered the amount of the government's contribution to plaintiff's retirement fund. The following dialogue occurred between the Court and plaintiff's counsel:

> Mr. Vlahos: Your Honor, if I understand your Honor's position in reference to this $5,000.00 lien, it is based on some $15,000.00 that the government has that he can't touch, has no control over, has never seen, rather than taking what the parties can have right now?

> The Court: Yes. That's taken into consideration. I want that understood, so that in case you do want to appeal, and have that matter raised you can do so.

In *Englert v. Englert*, Utah, 576 P.2d 1274, 1276 (1978), this Court in interpreting Sec. 30–3–5 [1] stated:

> It is our opinion that the correct view under our law is that this encompasses all of the assets of every nature *possessed by the parties*, whenever obtained and from whatever source derived; and that this includes any such pension fund or insurance. These should be given due consideration along with all other assets, income and the earnings and the potential earning capacity of the parties, in determining what is the most practical, just and equitable way to serve the best interests and welfare of the parties and their children. (Emphasis added).

Because the testimony and findings in this case clearly establish that that portion of the plaintiff's retirement fund contributed by the U. S. government has no present value—and may not have any value in the future—we hold that it was error for the District Court to consider this matter as one of the assets of the parties, thereby using it as one of the significant predicates in the Court's determination of property division

**1.** This section reads:

"When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable * * *"

between the parties provided for in the decree.

Other matters raised by plaintiff are deemed to be without merit.

Reversed and remanded for proceedings concerning the matter of property distribution between the parties consistent with this opinion. Affirmed in all other respects. No costs or attorney's fees are awarded.

MAUGHAN and HALL, JJ., concur.

CROCKETT, Chief Justice (dissenting):

I would adhere to our prior decision. I am in hearty agreement with the quote from the *Englert* case that the court should consider "all of the assets of every nature possessed by the parties whenever obtained and from whatever source derived and that this includes such pension fund or insurance"; and this should include anything that is realistic and substantial, even in expectancy. To demonstrate the complete illogic of plaintiff's counsel's argument that the court should not consider the pension fund because the plaintiff has never seen it or had possession or control over it: suppose it had been determined in a probate proceeding that the plaintiff was to receive a substantial inheritance from a relative's estate, but it was not to be paid him until completion of the probate. Would it be argued that because he had never seen the money, nor had possession or control over it, the court could not consider it as a part of the total circumstances.

The trial judge was ineluctably correct in stating that he had considered all the circumstances, including the possibility that the plaintiff would receive the pension referred to.

There is a matter far more important and controlling than the foregoing, quite regardless of the statement the trial judge made, which has provided a basis for further controversy, and for this appeal. As indicated in our original opinion, when this Court surveys the circumstances of these parties, as it may do in such cases, it is my judgment that the decree does no such ineq-

uity or injustice as to warrant this Court's interference therewith.

STEWART, J., concurs in the views expressed in the opinion of CROCKETT, C. J.