**Marvin L. WOODWARD, Plaintiff, Appellant and Cross-Respondent,**

v.

**Mildred L. WOODWARD, Defendant, Respondent and Cross-Appellant.**

No. 18089.

Supreme Court of Utah.

Nov. 4, 1982.

Brian R. Florence, Ogden, for plaintiff, appellant and cross-respondent.

Ben H. Hadfield, Brigham City, for defendant, respondent and cross-appellant.

DURHAM, Justice:

The plaintiff husband appeals from that portion of the trial court's decree of divorce which awarded to the defendant wife a portion of his retirement benefits. The husband argues that the court erred in considering, as a marital asset, that portion of his pension which would be contributed by the government at some future date.

The husband has worked as a civilian employee at Hill Air Force Base for fifteen years. Under his government pension plan, he has contributed $17,500 to the pension fund during that time. If he were to leave his job now, he would receive only the amount of his contributions. In order to receive maximum benefits from the plan, the husband would have to participate in it for a total of 30 years. At that time, the government would match the amount of his contributions and the husband could elect to receive the benefits as an annuity or as a lump sum. In its Findings of Fact, the trial

court stated that, because one-half of the 30-year period occurred during the marriage and because the wife is entitled to one-half of the amount accrued during that time, the wife was therefore "granted an equity interest of one-fourth of all proceeds which the [husband] receives on his retirement account, to be paid to [the wife] . . . as [the husband] receives the proceeds." The husband concedes that the wife is entitled to one-half of the sum he has contributed during the fifteen years of their marriage. However, he claims that she has no right or interest in the amount to be contributed by the government at the time of his retirement because that amount is contingent upon his continued government employment.

■ The only authority cited by the husband for his position is *Bennett v. Bennett,* Utah, 607 P.2d 839 (1980). In that case, this Court reversed a trial court's division of the husband's retirement benefits because the government's future contribution to the retirement fund was found to have "no present value." *Id.* at 840. However, in *Dogu v. Dogu,* Utah, 652 P.2d 1308 (1982), we commented that "that holding reflected a failure of proof." *Id.* The wife urges the adoption of the position taken by the California Supreme Court in *In re Marriage of Brown,* 15 Cal.3d 838, 544 P.2d 561, 126 Cal.Rptr. 633 (1976). There the court held that "[p]ension rights, whether or not vested, represent a property interest; to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding." *Id.* at 562–63, 126 Cal.Rptr. at 634–35. This case overruled an earlier California case of longstanding which had distinguished pension rights on the basis of whether the rights had vested. In the context of Utah law, we find it unnecessary to consider whether or

not the pension rights are "vested or nonvested." [1] In *Englert v. Englert,* Utah, 576 P.2d 1274 (1978), we emphasized the equitable nature of proceedings dealing with the family, pointing out that the court may take into consideration all of the pertinent circumstances. These circumstances encompass "all of the assets of every nature possessed by the parties, whenever obtained and from whatever source derived; and that this includes any such pension fund or insurance." *Id.* at 1276. To the extent that *Bennett v. Bennett, supra,* may limit the ability of the court to consider all of the parties' assets and circumstances, including retirement and pension rights, it is expressly overruled.

■ In the instant case, the husband argues that because he cannot now benefit from the government's promised contributions to his pension at the time of retirement, the wife should not receive any portion of the benefits which are based on the government's participation. This argument fails to recognize that pension or retirement benefits are a form of deferred compensation by the employer. If the rights to those benefits are acquired during the marriage, then the court must at least consider those benefits in making an equitable distribution of the marital assets. " 'The *right* to receive monies in the future is unquestionably . . . an economic resource' subject to equitable distribution based upon proper computation of its present dollar value." *Kikkert v. Kikkert,* 177 N.J.Super. 471, 475, 427 A.2d 76, 78 (1981) (emphasis and omission in original) (quoting *Kruger v. Kruger,* 73 N.J. 464, 468, 375 A.2d 659, 662 (1977)), aff'd, 88 N.J. 4, 438 A.2d 317 (1981). Whether that resource is subject to distribution does not turn on whether the spouse can presently use or control it, or on whether the resource can be given a present dollar value. The essential criterion is whether a right to the

---

1. In *Stern v. Stern,* 66 N.J. 340, 331 A.2d 257 (1975), the court commented that "the concept of vesting should probably find no significant place in the developing law of equitable distribution." *Id.* at 348, 331 A.2d at 262. The court refers briefly to the origins of the vested interest as it was associated with the concept of

seisin and also to its use in connection with "vested rights" in discussions of Constitutional guaranties. We agree that this concept of "vesting" is an inappropriate basis for determining what property should be subject to equitable division in a divorce proceeding.

benefit or asset has accrued in whole or in part during the marriage. To the extent that the right has so accrued it is subject to equitable distribution.

■ In the instant case, the husband must work for another fifteen years to qualify for the maximum benefits under the pension plan. He will not qualify in the twenty-ninth year or in the next to the last month. Because he must work for a total of thirty years, his pension benefits, including any contribution by the government, are as dependent on the first fifteen years as the last fifteen. Thus, the wife is entitled to share in that portion of the benefits to which the rights accrued during the marriage. We hold that the trial court did not err in making equitable distribution of the husband's retirement benefits.

■ We also hold that the method used to distribute the retirement benefits was a proper exercise of the court's discretion. We agree with the discussion in *Kikkert, supra,* where it was stated:

Long-term and deferred sharing of financial interests are obviously too susceptible to continued strife and hostility, circumstances which our courts traditionally strive to avoid to the greatest extent possible. This goal may be best accomplished, if a present value of the pension plan is ascertainable, by fixing the other spouse's share thereof, as adjusted for all appropriate considerations, including the length of time the pensioner must survive to enjoy its benefits, to be satisfied out of other assets leaving all pension benefits to the employee himself.

On the other hand, where other assets for equitable distribution are inadequate or lacking altogether, or where no present value can be established and the parties are unable to reach agreement, resort must be had to a form of deferred distribution based upon fixed percentages.

*Id.* at 478, 427 A.2d at 79–80. The facts in the present case present just such a circumstance: other assets available for equitable distribution are inadequate, and a present value of retirement benefits would be diffi-

cult if not impossible to ascertain because the value of the benefits is contingent on the husband's decision to remain working for the government. In such a case, "the trial court could use a method widely employed in other states, whereby the trial court determines what percentage of the marital property each spouse is to receive, and then divides payments from the pension plan accordingly." *Selchert v. Selchert,* 90 Wis.2d 1, 10, 280 N.W.2d 293, 298 (1979). The Wisconsin court continued:

Under this approach it is unnecessary to make any determination as to the value of the pension fund.... When the beneficiary spouse then opts to receive payments under the pension plan, the non-covered spouse would be entitled to her established percentage of those payments.... Any risk associated with the fund ... would be by this method apportioned equally between the parties. This method may [sic] particularly appropriate where the present value of a pension fund is very difficult or impossible to assess.

*Id.* at 10–12, 280 N.W.2d at 298 (footnotes omitted).

The trial court awarded one-half of the marital property to each of the parties in the instant case. It is clear that the court intended the wife to receive one-half of the retirement benefits which had accrued during the fifteen-year marriage. However, in its order, the court specified that the wife receive one-fourth of the proceeds of the retirement plan as they are received by the husband. This portion, one-fourth, awards to the wife one-half of the benefits accrued during the marriage only if the husband works for the full thirty years. The order should be modified to provide for the wife to receive one-half of the benefits accrued during the marriage, regardless of the length of time the husband continues in the same employment. Whenever the husband chooses to terminate his government employment, the marital property subject to distribution is a portion of the retirement benefits represented by the number of years of the marriage divided by the num-

ber of years of the husband's employment. The wife is entitled to one-half of that portion pursuant to the award of the trial judge in this case, which our modification is intended to sustain.

We therefore affirm in part, reverse in part and remand to the trial court so that the order may be amended to conform with this opinion. No costs or fees are awarded.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.