Noray NEVILLE, Plaintiff
and Appellant,

v.

Arnold A. NEVILLE, Defendant
and Respondent.

No. 860029–CA.

Court of Appeals of Utah.

July 31, 1987.

W. Andrew McCullough, McCullough, Jones & Jensen, Orem, for plaintiff and appellant.

Stott P. Harston, Aldrich, Nelson, Weight & Esplin, Provo, for defendant and respondent.

Before BENCH, BILLINGS and DAVIDSON, JJ.

## MEMORANDUM DECISION

PER CURIAM:

Plaintiff Noray Neville appeals the dismissal of her divorce suit because she failed to satisfy the three month residency requirement imposed by Utah Code Ann. § 30–3–1 (1984), at the time her complaint was filed. We dismiss the appeal as moot.

Plaintiff originally filed an action against her husband for separate maintenance in the Fourth Judicial District Court in Utah

County and there obtained an order of temporary custody of the two minor children. However, just before her complaint was filed in January, 1983, plaintiff left defendant in Utah County and returned to her parents' home in Salt Lake County, where she has since resided. After the separation in January, defendant picked up the children for an overnight visit. He did not return them to plaintiff the next day but, instead, left the United States and took them to his home in South Africa. On April 5th, 1983, before defendant had responded to the complaint for separate maintenance, plaintiff filed an amended complaint seeking a divorce, and alleged that she was a resident of Utah County. Also, during this interim, on March 9, 1983, defendant commenced a divorce action in South Africa against plaintiff.[1]

Several months later, upon defendant's motion, plaintiff's amended divorce complaint was dismissed by the trial court because plaintiff had not been a Utah County resident for three months prior to the action. Plaintiff has appealed the dismissal, arguing that, if she did not satisfy the residency requirement of section 30–3–1, defendant did and therefore the court had jurisdiction.[2]

However, while plaintiff's appeal was pending, she filed for and obtained a divorce decree in the Third Judicial District Court in Salt Lake County. Since neither party complied with our request that a copy of the final decree and findings of the third district be provided for our review, we presume that that decree made appropriate orders regarding termination of the marriage, child custody and support and property division. We conclude that because a final divorce decree has been entered, terminating the marital relationship between the parties, the basis for the instant proceeding and the issues raised on appeal are rendered moot. When the judicial relief requested is impossible or of no legal effect, the proceeding is moot. *Franklin Financial v. New Empire Development Co.*, 659 P.2d 1040, 1043 (Utah 1983); *accord Merhish v. H.A. Folsom & Assoc.*, 646 P.2d 731 (Utah 1982); *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981). When the marriage relationship was terminated by the Third Judicial District Court at plaintiff's request, there is no longer any marital relationship over which the Fourth Judicial District Court may now assert jurisdiction. *Richards v. Richards*, 44 Haw. 491, 355 P.2d 188 (1960).

Plaintiff unpersuasively argues that the case is not moot because, before the amended complaint for divorce was filed, the court made a temporary order regarding support and child custody. She claims that there is a "significant chance" that a permanent custody determination by the trial court in this case might have "substantially more effect" on a South African court. Obviously, even if the trial court had such jurisdiction to make a permanent award, which we do not decide, this argument is pure speculation.

Plaintiff cites no authority by which a South African court is bound to give any effect at all to a custody determination by a Utah court. Recognition by one nation of the decrees or judgments of another is generally based upon the principle of comity as "prima facie evidence" of the truth of the matter adjudged. *Hilton v. Guyot*, 159 U.S. 113, 205, 16 S.Ct. 139, 159, 40 L.Ed. 95 (1895). However, except for an adoption of this principle, or as otherwise established by treaty, foreign nations are under no international obligation to recognize or follow the judgments of this or any other nation. *Hernandez v. Dominicana de Aviacion*, 556 F.2d 611, 614 (1st Cir 1977);

---

1. The record does not reflect the status of that action, although plaintiff does suggest that that court has made some provisions regarding child custody.

2. The trial court relied upon *Weiss v. Weiss*, 111 Utah 353, 179 P.2d 1005 (1947) for the requirement that plaintiff be a resident of the county in which the action is filed. The jurisdictional requirement of residency under section 30–3–1 was changed in 1965, after the decision in *Weiss*, to require residence in the county by either plaintiff or defendant. *Compare* 1965 Utah Laws 161 and 179 P.2d at 1007. However, the amended complaint contained no allegation of defendant's residence. The only alleged basis for jurisdiction was plaintiff's residence.

18 Wright & Miller, Federal Practice and Proc., § 4473, p. 744 (1981). Even the application of comity would require that a Utah divorce decree be founded on personal jurisdiction over the parties as determined by their domicile. *Perrin v. Perrin*, 408 F.2d 107 (3rd Cir.1969).

Because plaintiff's appeal is now moot, it is hereby dismissed.

BENCH, BILLINGS and DAVIDSON, JJ., concur.