David A. MAXWELL, Plaintiff
and Appellant,

v.

Angeline B. MAXWELL, Defendant
and Respondent.

No. 860267–CA.

Court of Appeals of Utah.

May 6, 1988.

Pete N. Vlahos, F. Kim Walpole (argued), Vlahos & Sharp, Ogden, for plaintiff and appellant.

Phillip W. Dyer (argued), Salt Lake City, for defendant and respondent.

Before BENCH, DAVIDSON and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

In this divorce action, plaintiff appeals an order of the trial court distributing plaintiff's military retirement entitlement and awarding defendant alimony. We vacate the trial court's judgment and remand for additional findings.

Plaintiff David Maxwell married defendant Angeline Maxwell on June 23, 1964. David filed for divorce on June 24, 1983. Angeline initially chose not to be represented by counsel. On July 8, 1983, the trial court granted plaintiff a decree of divorce, effective October 8, 1983. The court granted custody of the couple's only child to Angeline and ordered David to pay $300 a month child support. The decree divided various personal assets. David was awarded his military retirement as his separate property while Angeline was awarded her civil service retirement as her separate property. The court awarded no alimony.

Angeline subsequently retained counsel. She asked the court to set aside the divorce decree, claiming she was distraught and confused because of the sudden divorce action. She argued she would have counterclaimed for divorce and asked for a different settlement. The court denied the motion to set aside the decree of divorce, but agreed the issues of alimony and property distribution should be left open for further consideration.

David then moved the court to have the divorce decree take effect January 1, 1984. Angeline agreed to the motion and the court so ordered. A hearing was set for November 21, 1983 to settle the property and alimony matters. Later, the parties moved to continue the hearing without date. Apparently, there were continuing attempts at reconciliation and the parties were uncertain of the need for further proceedings.

In February 1984 David moved to Okinawa, Japan to accept civilian employment with the Air Force. Angeline withdrew her civil service retirement and moved to Okinawa in September 1984 to live with David. She apparently believed they were still married. Reconciliation failed and Angeline filed for divorce in Japan in March 1985. In the proceedings that followed, the parties signed an affidavit of mutual consent in which they waived "any alimony or monetary claims" they may have had against each other. A divorce decree was thereafter entered in Japan. The Japanese decree purported to terminate the marriage, but made no mention of property or alimony.

Angeline returned to Utah and, in March 1986, began proceedings for alimony and property distribution of David's military retirement. Discovery requests of David, who continued to reside in Japan, went unanswered, and Angeline filed a motion for sanctions on July 2, 1986. David made a special appearance attacking the Utah court's jurisdiction, claiming the Japanese divorce had settled all matters between the parties. David also filed a motion to dismiss Angeline's motion for sanctions and moved for a continuance. The court asserted jurisdiction and a hearing on all matters was held September 12, 1986.

At the hearing, the court did not make an order concerning sanctions. Angeline proffered evidence as to her belief of David's income and assets and evidence of her own income and needs. David continued to as-

sert the validity of the Japanese divorce, emphasizing the waiver the parties had signed in Japan. The court ruled that the proceedings in Japan were of no effect as the parties were divorced in Utah on January 1, 1984. The court awarded Angeline $100 a month alimony and fifty percent of David's military retirement fund. On appeal, David raises various jurisdictional issues and challenges the distribution of the military retirement and the alimony award.

The parties now agree they were divorced in Utah on January 1, 1984, the effective date of the original divorce decree. Therefore, no marital relationship existed over which the Japanese court may have asserted jurisdiction. *See Neville v. Neville*, 740 P.2d 290 (Utah App.1987). The trial court correctly held the proceedings in Japan were of no effect. Utah, therefore, had continuing jurisdiction to settle the unresolved property and alimony matters.

■ David argues the trial court did not have jurisdiction over the substance of Angeline's claims in view of David's special appearance. This argument fails for three reasons. First, when David made the special appearance, he submitted relevant documents expressly "by his general appearance." Second, David asked for affirmative relief, thus waiving the special appearance. *Downey State Bank v. Major-Blakeney Corp.*, 545 P.2d 507 (Utah 1976). Third, the trial court maintained continuing jurisdiction over David under Utah Code Ann. § 30-3-5 (1987). *See Plumb v. Plumb*, 555 P.2d 1205 (Utah 1976). David's "special appearance" was therefore ineffective.

■ David next argues Utah should have honored the waiver signed by the parties in Japan. Although the Japanese court did not have subject matter jurisdiction, the waiver could still be considered a valid agreement. This is not to suggest that the agreement would be binding on the trial court. "[A] parties' stipulation as to property rights in a divorce action, although advisory and usually followed unless the court finds it to be unfair or unreasonable, is not necessarily binding on the trial court." *Colman v. Colman*, 743 P.2d

782, 789 (Utah App.1987). Thus, a trial court may refuse to enforce an agreement upon a specific finding as to why the agreement should not be followed. The Utah Supreme Court, in *Acton v. Deliran*, 737 P.2d 996 (Utah 1987), stated that findings "should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." *Id.* at 999 (quoting *Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979)). In its findings, the trial court must therefore clearly articulate the reasons for disregarding the stipulation.

■ Davis also challenges the distribution of the military retirement. The Utah Supreme Court in *Woodward v. Woodward*, 656 P.2d 431 (Utah 1982), upheld the distribution of retirement benefits according to a formula in which the portion of the retirement benefit subject to distribution was determined by dividing the number of years of the marriage during which the benefit accrued by the total number of years of the spouse's employment. In the instant case, the court found that the parties had been married for 19 years. The court also found that military retirement benefits vest after 20 years. No finding was made, however, of the actual number of years David served in the military. That finding is necessary to determine the amount of the retirement that is subject to distribution. Furthermore, although *Woodward* involved an equal split of the distributable portion, such a division is not mandatory. *See Bailey v. Bailey*, 745 P.2d 830 (Utah App.1987) and *Marchant v. Marchant*, 743 P.2d 199 (Utah App.1987). If, for example, David has retained an inequitable share of the marital assets, the court may divide the retirement as it sees fit. However, deviation from an equal division of the distributable portion of the retirement entitlement will require still more findings under the *Acton* standard.

■ Finally, David challenges the alimony award. The trial court's findings on alimony should reflect an attempt to equalize the parties standard of living, *Higley v. Higley*, 676 P.2d 379 (Utah 1983), and

should reflect the factors for establishing alimony as set out in *Jones v. Jones*, 700 P.2d 1072 (Utah 1985). The findings on these factors must be specific. *Stevens v. Stevens*, 754 P.2d 952 (Utah App.1988). Regarding the alimony award, the trial court's findings are again inadequate.

The judgment of the trial court is vacated and the case is remanded for entry of additional findings of fact concerning the waiver agreement and in support of the distribution of the military retirement and the award of alimony. No costs awarded.

DAVIDSON and GREENWOOD, JJ., concur.