**Ruth Ann JEFFERIES, Plaintiff and Appellee,**

v.

**Wilbur R. JEFFERIES, Defendant and Appellant.**

**No. 940373–CA.**

Court of Appeals of Utah.

May 11, 1995.

Clark W. Sessions, Jay W. Butler and Rodney R. Parker, Salt Lake City, for defendant and appellant.

David S. Dolowitz, Salt Lake City, for plaintiff and appellee.

Before BENCH, DAVIS and WILKINS, JJ.

WILKINS, Judge:

Wilbur Jefferies appeals the trial court's division of marital assets under a final decree of divorce. We affirm in part, and reverse and remand in part.

## ISSUES ON APPEAL

Mr. Jefferies, as an employee of an intergovernmental agency, has participated in a retirement program that includes a plan implemented pursuant to 26 U.S.C. § 401(a) (1988) (401(a) plan). The 401(a) plan is offered and administered by the agency in lieu of participation in the federal social security system. The trial court considered the funds that had accrued during marriage in Mr. Jefferies' 401(a) plan as marital property. Mr. Jefferies appeals this determination. Whether a 401(a) plan can be considered marital property is a question of law, which we review for correctness. *See State v. Pena,* 869 P.2d 932, 936 (Utah 1994).

The second issue involves transfers by Mr. Jefferies of money totaling approximately $145,000 to accounts in the names of the couple's two children. The trial court found that the transfers were made without the knowledge of Ms. Jefferies and "as such were

fraudulent and were an attempt . . . to hide assets from [her]." Therefore, the trial court voided the transfers and considered the funds to be part of the marital estate. Mr. Jefferies argues first that because the funds were transferred as gifts to the children under the Uniform Transfers to Minors Act and because the children were not before the court, the trial court lacked jurisdiction to void the transfers. This presents a question of law, which we review for correctness. *Id.* If the court is found to have jurisdiction over the children's accounts, Mr. Jefferies then challenges the sufficiency of the evidence leading to the trial court's conclusion that the transfers were fraudulent. Mr. Jefferies argues that the evidence of fraud is not clear and convincing. We will defer to the trial court's factual determinations unless they are clearly erroneous. *Id.* at 935.

## CONSIDERATION OF 401(a) FUNDS AS MARITAL PROPERTY

Section 30–3–5(1) of the Utah Code states: "When a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, debts or obligations, and parties." Utah Code Ann. § 30–3–5(1) (Supp.1994). Construing this section regarding whether the trial court properly considered a husband's accrued retirement fund as a marital asset, the supreme court held in *Englert v. Englert,* 576 P.2d 1274 (Utah 1978):[1]

> It is to be particularly noted that that language is in general terms and contains no hint of limitation. The import of our decision implementing that statute is that proceedings in regard to the family are equitable in a high degree; and that the court may take into consideration all of the pertinent circumstances. It is our opinion that the correct view under our law is that this encompasses all of the assets of every nature possessed by the parties, whenever obtained and from whatever source de-

rived; and that this includes any such pension fund or insurance.

*Id.* at 1276 (footnote omitted).

Considering retirement benefits in a later case, the supreme court re-emphasized its position in *Englert,* stating: "[T]he court may take into consideration all of the pertinent circumstances. . . . If the rights to [retirement] benefits are acquired during the marriage, then the court must at least consider those benefits in making an equitable distribution of the marital assets." *Woodward v. Woodward,* 656 P.2d 431, 432 (Utah 1982). In addition to describing the policy of considering *all* assets acquired during marriage, the supreme court in *Woodward* described the quality of a marital asset in the context of retirement benefits. Speaking of retirement benefits as an economic resource, the court said:

> Whether that resource is subject to distribution does not turn on whether the spouse can presently use or control it, or on whether the resource can be given a present dollar value. The essential criterion is whether a right to the benefit or asset has accrued in whole or in part during the marriage. To the extent that the right has so accrued it is subject to equitable distribution.

*Id.* at 432–33.

■ Accordingly, two principles are clear from the law of this state. First, all assets acquired by the parties during marriage are to be considered by the trial court when making an equitable distribution, unless the law specifically prevents the court from considering a particular asset. Second, a marital asset is defined functionally as any right that has accrued during the marriage to a present or future benefit.

■ The funds that accumulated in Mr. Jefferies' 401(a) plan during the marriage clearly fit the functional definition of a marital asset. Further, there is no statutory or case law that prevents the trial court from considering the 401(a) plan a marital asset. Therefore, not only was it proper for the trial

---

1. The relevant language of this section has not been significantly altered since the *Englert* case. In 1978, this section read: "When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable." Utah Code Ann. § 30–3–5 (1978).

court to consider Mr. Jefferies' 401(a) plan as a marital asset, it was required.[2]

## FUND TRANSFERS TO CHILDREN

■ Mr. Jefferies argues that the trial court was without jurisdiction to order the return of the approximately $145,000 that had been transferred to the children under the Uniform Transfers to Minors Act, Utah Code Ann. §§ 75–5a–101 to –123 (1993). Although raised for the first time on appeal, an issue of jurisdiction may be so raised. *State v. Price,* 837 P.2d 578, 583–84 (Utah App. 1992).

■ A transfer made pursuant to the Uniform Transfers to Minors Act "is irrevocable, and the custodial property is indefeasibly vested in the minor." Utah Code Ann. § 75–5a–112(2) (1993). It is beyond the jurisdiction of the court when dividing marital assets between the parents in a divorce proceeding to reach assets of the children. We therefore must remand this case to the trial court to divide the assets equitably without the inclusion of the children's accounts. Of course, in making an equitable division between the spouses, the trial court, given the findings of fact in this case, may take into consideration the transfers made by Mr. Jefferies to the children at the expense of Ms. Jefferies. Although the trial court cannot reach the children's separate assets, it can hold Mr. Jefferies accountable to Ms. Jefferies for a dissipation of marital assets. *See*

*Andersen v. Andersen,* 757 P.2d 476, 479 (Utah App.1988).

Because we hold that the trial court lacked jurisdiction to reach the children's accounts, we need not reach the issue of whether the elements of fraud were met by clear and convincing evidence.

## CONCLUSION

We hold that retirement funds accumulated in a 401(a) plan during marriage are marital assets and were appropriately considered by the trial court. We also hold that the trial court was without jurisdiction to reach the funds transferred by Mr. Jefferies to the children pursuant to the Uniform Transfers to Minors Act. We therefore remand this case to the trial court for an equitable division of the marital assets consistent with this opinion.

BENCH and DAVIS, JJ., concur.

---

**2.** The fact that participation in a 401(a) plan is in lieu of participation in the federal social security plan does not change the result. An asset is to be considered if it meets the functional definition of a marital asset. Funds in a 401(a) plan meet the definition, as they represent a right accrued during marriage to receive a present or future benefit, while payments into the federal social security plan do not. *See Flemming v. Nestor,* 363 U.S. 603, 610, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960) ("To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to ever-changing conditions which it demands.").

In addition, Congress has enacted its own scheme of social security benefits for divorced spouses. *See* 42 U.S.C. § 402 (Supp.1995). This, among other things, has led many courts to conclude that Congress has preempted state divorce laws and, therefore, social security benefits cannot be considered marital property. *See, e.g.,*

*Olson v. Olson,* 445 N.W.2d 1, 11 (N.D.1989). Because the consideration of expected social security benefits as marital assets is not directly at issue in this case, it is unnecessary for us to reach this question.

However, we note that even absent the argument that Congress has preempted any consideration of social security benefits as marital property, under our law, social security would have no place in the consideration of marital assets in this case. Unlike the § 401(a) plan here, social security benefits have no present asset value. They do not vest in any meaningful way until one meets age and other requirements imposed by federal law. Contributions toward social security cannot be withdrawn, borrowed against, assigned, given away, or otherwise treated as a present asset. Clearly, any other form of "right" or "plan" that is similarly unavailable prior to retirement would also not be a marital asset for purposes of pre-retirement division or distribution.