2009 UT App 10

**Mark F. LEPPERT, Petitioner, Appellee, and Cross-appellant,**

v.

**Catherine L. LEPPERT, Respondent, Appellant, and Cross-appellee.**

No. 20060872–CA.

Court of Appeals of Utah.

Jan. 15, 2009.

Rehearing Denied Feb. 4, 2009.

Kellie F. Williams and Jared T. Hales, Salt Lake City, for Appellant and Cross-appellee.

David C. Anderson, Salt Lake City, for Appellee and Cross-appellant.

Before Judges THORNE, BENCH, and DAVIS.

OPINION

THORNE, Associate Presiding Judge:

¶1 Catherine L. Leppert (Wife) appeals the district court's orders dated August 25, 2006, and November 20, 2006, as well as its Amended Findings of Fact and Conclusions of Law, and Amended Order and Judgment Supplementing Decree of Divorce, both dated February 7, 2007. Mark F. Leppert (Husband) cross-appeals other aspects of these same documents. We affirm in part and reverse and remand in part.

BACKGROUND

¶2 The parties were married in 1972. Husband filed a complaint for divorce and a verified motion for a bifurcated decree of divorce in 2004. Wife filed an answer and counterclaim as well as a motion for temporary support. The parties stipulated to a bifurcated decree of divorce, and the district court entered a bifurcated order, granting a Decree of Divorce and reserving other issues for further hearing. Additionally, the parties entered into a stipulation regarding temporary support matters. Based on the parties' stipulation the district court ordered Husband to pay Wife $1100 per month for expenses, noting that the payment could be characterized as alimony but was not to be tax deductible by Husband or taxable as income to Wife. The court also ordered Husband to pay various household expenses of Wife, including the mortgage payment, home maintenance, phone expenses, life insurance, utilities, auto payment and insurance, etc.

¶3 In 2006, Husband filed a Motion for Modification of Temporary Order and Other Relief requesting, in part, that the total amount payable to Wife not exceed $2000 per month and that the money paid to her be deemed alimony for tax reporting purposes. The district court held a hearing on Husband's motion and after considering both the tax consequences of the temporary order and the average monthly amount Husband paid to Wife, ordered Husband to pay taxable temporary alimony of $5708 per month to Wife until further order of the court. The district court also ordered that Wife would be responsible for payment of the trust deed notes on the marital residence, as well as utilities and other personal expenses.

¶4 In 2006, the district court held a trial to determine alimony and the division of property, debt, and royalty payments. At trial,

the court received evidence from Husband, Wife, several medical doctors, a vocational expert, a certified public accountant, and several other experts and lay witnesses. At the conclusion of the trial, the court noted that, although there was conflicting testimony as to whether Wife was capable of working, that Wife was, in fact, capable of employment earning $9 an hour and imputed $1560 per month to Wife. The court also attributed an additional $375 per month of income to Wife as her one-half share of anticipated income from patents and royalty payments Husband had received ·during the marriage. The court provided within the order for any pat-́ents or royalties Husband was to receive within two years of the date of· the order, requiring that they be subject to division based upon a *Woodward* style analysis. *See Woodward v. Woodward,* 656 P.2d 431 (Utah 1982).

¶ 5 Regarding financial needs, the court reviewed the parties' claimed needs and found that each had included amounts and items that were not reasonable. In particular, the court cited certain amounts of Wife's claimed needs as unreasonable and reduced each as the court saw fit. Ultimately, the court determined that Wife had a need for $4293 per month to meet her reasonable expenses. Thereafter, the court concluded that Wife had a need for alimony in the amount of $2358,[1] and that Husband had the ability to pay that amount. The court determined that alimony should continue until Husband retired. The court also determined that upon Husband's retirement Wife would receive $2111 per month from the parties' retirement account and ordered that alimony would be reduced by that same amount at that time. The court ordered that alimony was to terminate when Wife turns sixty-six and becomes eligible to receive social security. In addition, the court determined that Wife did not have the means to pay her attorney fees and ordered Husband to pay $8000 toward the fees Wife had incurred.

¶ 6 Wife filed a Motion to Clarify and Amend the Order. In November 2006, the district court made various clarifications to the previous order and directed Husband to file an Amended Findings and Conclusions incorporating the clarifications. On February 7, 2007, the court entered an Amended Findings of Fact and Conclusions of Law and an Amended Order and Judgment Supplementing Decree of Divorce.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 7 Wife first claims that the district court erred by imputing monthly income of $1560 to her despite the testimony of multiple witnesses that she was not employable. Trial courts have considerable discretion in determining a spouse's income, and determinations of income will be upheld on appeal absent an abuse of discretion. *See Griffith v. Griffith,* 1999 UT 78, ¶ 19, 985 P.2d 255 ("[T]rial courts have broad discretion in selecting an appropriate method of assessing a spouse's income and will not be overturned absent an abuse of discretion.").

■ ¶ 8 Wife also argues that the district court erred in the amount, retirement reduction, and duration of the alimony awarded to Wife.

> Trial courts have considerable discretion in determining alimony ... and [determinations of alimony] will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated. We review a trial court's conclusion of law with respect to alimony awards for correctness, according ·no deference to the trial court. If, however, we are charged with the task of reviewing the trial court's findings of fact, we will reverse only if the findings are clearly erroneous.

*Davis v. Davis,* 2003 UT App 282, ¶ 7, 76 P.3d 716 (alterations in original) (citations and internal quotation marks omitted).

■ ¶ 9 Next, Wife contends that the district court erred in its division of personal property, royalty payments, and debts. On cross-appeal, Husband argues that the court erred in awarding Wife a portion of the interest based upon a *Woodward* style analysis Husband would be entitled to receive for patents or royalties awarded for a two-year

---

**1.** This amount represents Wife's financial need of $4293 per month minus $1935 per month, which amount is comprised of $1560 of imputed earnings plus patent and royalty payments of $375.

period after the date of the order.[2] Husband, also argues that the court erred in its amended ruling fixing the date for establishing marital debt as the date of separation rather than the divorce date.

> We afford the trial court considerable latitude in adjusting financial and property interests, and its actions are entitled to a presumption of validity. Accordingly, changes will be made in a trial court's property division determination in a divorce action only if there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, the evidence clearly preponderated against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion.

*Id.* ¶ 8 (internal quotation marks omitted).

■ ¶ 10 Lastly, Wife asserts that the district court erred in its failure to award costs and in awarding only $8000 of her attorney fees. On cross-appeal, Husband argues that the court erred in awarding Wife any attorney fees. The district court has broad discretion in determining whether attorney fees and costs should be granted. *See id.* ¶ 14.

## ANALYSIS

### I. Imputing Income

■ ¶ 11 Wife argues that the district court abused its discretion by ignoring or mischaracterizing the testimony of multiple witnesses concerning Wife's medical and psychological disabilities pertaining to her ability to work and ultimately imputing income to Wife in the amount of $1560 of earnings and $375 as her share in royalty payments per month. The district court did not ignore witness testimony. Indeed, the court agreed that there was "conflicting testimony on whether [Wife] is capable of working." But the court also found that "[n]early all the experts testified that [Wife] was capable of work and in fact several felt it would result in an improvement in her life."

[6] ¶ 12 The district court's determination that Wife is capable of employment is within the sound discretion of the trial court since the court is in an advantaged position to weigh the evidence, determine the persuasive value of the evidence, and make determinations based on the evidence. *See Willey v. Willey*, 951 P.2d 226, 230 (Utah 1997). The district court entered detailed findings of fact, citing the witnesses' testimony as to Wife's capabilities and employability, which adequately support the court's decision to impute income to Wife. For example, the court cited the testimony of Dr. Daniel Clegg, who has been treating Wife since 1981, and stated that "there is no physical basis for her complaints; she has no physical disabilities." The court also referred to Wife's psychologist, stating that "Dr. Gregory does not believe [Wife] is unemployable." The court specifically found that "[e]ven [Wife] stated that she would like to be employed." Finally, the court cited Kristy Farnsworth, an employment specialist, who testified that although Wife has not worked since 1981, she is capable of generating employment income at the minimum wage level. Generally, when a trial court enters detailed findings of fact that support its decision to impute income to a party, we will hold that the court did not abuse its discretion by imputing income. *See Riley v. Riley*, 2006 UT App 214, ¶ 15, 138 P.3d 84 (stating that a trial court acts within the bounds of its discretion so long as there is a reasonable basis for its decision). As a result, because the decision to impute income is adequately supported, we affirm the district court's ruling imputing income of $1560 per month to Wife.

### II. Alimony Award

#### A. Amount of Alimony Award

■ ¶ 13 Wife asserts that the district court failed to make sufficient findings to support its alimony award to Wife in the amount of $2358 per month, an amount that Wife contends constitutes an abuse of discretion because it is both less than she needs and less than Husband's ability to pay. In

---

**2.** Husband does not appeal the court's division of income from patents and royalties that Husband

had previously received during the marriage.

particular, Wife argues that the court erred by reducing her expenses without sufficient findings to support the reduction. In contrast, Husband argues that the court's determination as to the amount of alimony awarded is appropriate and based upon adequate findings and conclusions.

¶ 14 Here, the district court's findings of fact addressing the parties' financial needs and Husband's ability to pay alimony are not sufficiently detailed to disclose the process the court used in setting the amount of alimony awarded to Wife. In its alimony determination, the court did not specify whether it looked to the parties' standard of living existing at the time of separation or determined that insufficient resources existed to satisfy both parties' legitimate needs.

¶ 15 During the proceeding in which the district court made the alimony award, the court reviewed many of Wife's claimed needs considered the reasonableness of the expense amounts and reduced various of Wife's expenses as well as expenses for both parties giving no explanation as to how the court determined the amount to be allocated.[3] The district court provides little explanation for its reasonableness findings pertaining to Wife's needs and does not delineate the process used in the alimony determination. Because the district court's findings are not sufficiently detailed, we are not able to review the basis of the court's alimony determination. As a result, we reverse and remand this matter to the district court to articulate findings of fact to support any alimony awarded.

**B. Reduction and Duration of Alimony Award**

 ¶ 16 Wife also asserts that the district court abused its discretion by reducing the alimony award to Wife when Husband retires without knowing the actual amount of Hus-

band's future retirement income and then again erred when it eliminated alimony entirely when Wife became eligible to receive social security at the age of sixty-six. Husband, on the other hand, asserts that the district court's determination was appropriate because the court had determined facts relative to the parties' current situations and the foreseeable future based upon those facts.

¶ 17 The relevant alimony provision in the order specifying the alimony reduction and ultimate termination of alimony is as follows:

[Wife], commencing September 1, 2006, should be awarded monthly alimony in the sum of $2,358[.00]. This will continue until [Husband] retires. When [Husband] retires, the TIAA CREF becomes his main source of income. [Wife] has the ability to receive at least $2,111[.00] per month from her share of the retirement account. Therefore, upon [Husband] retiring from the University, a reduction of $2,111.00, or the amount received from the retirement account, in the total alimony due each month will be effective. When [Wife] reaches the age of 66, she is eligible to receive social security. At this time the remaining alimony will be terminated. In the event [Wife] becomes eligible to receive social security disability, the sum received will be offset against the amount of alimony in place. Alimony will terminate upon the standard conditions outlined in the statute or the death of either party.

¶ 18 The district court ruling reducing alimony upon Husband's retirement fails to explain the reason for offsetting alimony with Wife's portion of the monthly proceeds from the retirement account rather than other approaches such as considering it as offsetting imputed income or some other treatment. The district court's reasoning is not clear on its face and without an explanation this court

---

3. For example, regarding Wife's phone service expense of $213 the court found:

A review of [Wife's] exhibit shows that she has three phone services. The Court would not say [Wife] cannot have such services, but to claim it is reasonable for all of them to be part of her needs is not.... The Court determines that a reasonable amount for phone service is the same that is claimed by [Husband], $125.00.

Another example is in the court's finding on gift giving, which states: "Gift giving, when the issue before the Court is the reasonable needs of the party, is not a line item that mandates inclusion. Certainly, a nominal amount for gift giving is proper, but $146.00 claimed amount is not. The Court will allot $50.00 to each party."

cannot meaningfully review the court's reduction of alimony determination. Similarly, the district court failed to provide an explanation of the reasoning to support terminating alimony upon Wife's eligibility to receive social security. As a consequence, we reverse the district court's determination and remand the matter for more detailed findings. Upon remand, the court should also determine whether Husband's and Wife's respective retirement incomes can be sufficiently calculated at this time.

### III. Division of Personal Property, Royalty Payments, and Debt

¶ 19 The parties raise various arguments alleging that the district court erred in its division of personal property, royalty payments, and marital debt. "In divorce proceedings, the trial court is given considerable discretion in fashioning an equitable property distribution, and its findings will not be disturbed absent an abuse of discretion." *Carlton v. Carlton*, 756 P.2d 86, 87 (Utah Ct.App.1988) (citations and internal quotation marks omitted).

> The trial court must make findings on all material issues, and its failure to do so constitutes reversible error unless the facts in the record are clear, uncontroverted, and capable of supporting only a finding in favor of the judgment. In addition, the findings must be sufficiently detailed and consist of enough subsidiary facts to reveal the steps the court took to reach its conclusion on each factual issue presented.

*Id.* at 87–88 (citations and internal quotation marks omitted).

¶ 20 Here, the district court's division determinations do not explain either the factual basis or legal analysis supporting its determinations and, consequently, do not provide this court with enough information to allow meaningful review. As a result, we are unable to review the district court's division determinations and must reverse and remand for more detailed findings.

¶ 21 For example, the district court determined that many of the gifts Husband's family gave to the couple were heirlooms and as such, were therefore Husband's separate property. The court's ruling fails to explain why the items designated as heirlooms are Husband's separate property without regard to whether they were given to the couple.

¶ 22 Likewise, the district court's award to Wife of an interest in future patents fails to explain its reason for awarding a future interest to Wife and why such interest would be divided using the *Woodward* formula. In particular, the court fails to explain whether the interest in future patents must have accrued in whole or in part during the marriage. Because the court provides no such explanation, it is unclear whether the *Woodward* formula, generally used to divide property accrued during the marriage, is the proper method to divide the royalty payments. *See Woodward v. Woodward*, 656 P.2d 431, 432–33 (Utah 1982) ("The essential criterion is whether a right to the benefit or asset has accrued in whole or in part during the marriage. To the extent that the right has so accrued it is subject to equitable distribution.").

¶ 23 Finally, the district court's rulings regarding the division and payment of marital debt fails to explain either the factual basis or legal analysis for a determination that the Key Bank line of credit encumbering the house, was a separate debt of Wife, ordering the parties to use a portion of the Smith Barney account as well as any tax refund to retire marital debt,[4] and setting September 2003 as the date to determine marital debt.

¶ 24 Based on the district court's findings, we cannot determine how it arrived at its conclusions regarding the distribution of the parties' marital property, future royalty payments, and marital debt. As a result, we must reverse and remand these issues for determination of further details.

### IV. Attorney Fees and Costs

¶ 25 Finally, Wife appeals the district court's rulings regarding attorney

---

4. The parties had one stock interest, which was sold, converted to cash, and maintained in the Smith Barney account. The district court also ordered that any taxes associated with the exercising of this stock option be paid for with the funds maintained in the Smith Barney account.

fees and costs, and Husband cross-appeals the court's award of any attorney fees. Both assert that the court erred by failing to enter sufficient findings of fact. "'[T]he decision to award attorney fees and the amount of such fees are within the trial court's sound discretion.'" *Stonehocker v. Stonehocker,* 2008 UT App 11, ¶ 10, 176 P.3d 476 (quoting *Oliekan v. Oliekan,* 2006 UT App 405, ¶ 30, 147 P.3d 464). "[T]he trial court's award or denial of attorney fees must be based on evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the requested fees." *Id.* (internal quotation marks omitted). An award for attorney fees "must be based on sufficient findings," *Davis v. Davis,* 2003 UT App 282, ¶ 14, 76 P.3d 716 (internal quotation marks omitted), "and the failure to make such findings requires remand for more detailed findings by the trial court," *id.* (internal quotation marks omitted).

¶ 26 We agree with the parties that the district court did not make sufficiently detailed written findings of fact regarding attorney fees, and we remand the matter. While a portion of the court's findings of fact regarding attorney fees does in fact address Wife's financial need by finding that "[Wife] does not have the means to pay all of the attorney fees generated by this matter," the court did not explain how it arrived at the amount of the award. Moreover, the court makes no mention of Husband's ability to pay or the reasonableness of the requested fees. Although the court did address the parties' annual income and monthly expenses regarding alimony, we reverse and remand the matter so that the district court may enter express factual findings related to the award of attorney fees that include more detailed findings on the financial needs of Wife, as well as findings related to Husband's ability to pay, as well as the reasonableness of the requested fees.

¶ 27 We reverse the district court's award of attorney fees and remand the matter for further consideration of those issues. Any fee to be awarded ultimately must be accompanied by findings sufficient to support that award.

¶ 28 Regarding costs, the district court is afforded discretion to define costs as those reasonable amounts that are reasonably expended to prosecute or defend a divorce action and in determining whether to award costs based on need and ability to pay. *See Peterson v. Peterson,* 818 P.2d 1305, 1310 (Utah Ct.App.1991). Here, the district court denied Wife's claim for reimbursement of the appraisal costs. "Her unilateral decision to have the personal property appraised was not warranted." This finding implies that Wife failed to establish the reasonableness of the fees, and the absence of a finding regarding Wife's need for the award or the ability of Husband to pay for the appraisal costs is not an abuse of discretion. *See Wilde v. Wilde,* 2001 UT App 318, ¶ 41, 35 P.3d 341 ("Utah appellate courts have denied fees, although the requesting party appeared to have significant need and the other party had the ability to pay, because the requesting party failed to establish the reasonableness of the fees."). Therefore, we affirm the district court's denial of costs.

## V. Request for Attorney Fees on Appeal

¶ 29 Wife also requests attorney fees on appeal. "Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." *Potter v. Potter,* 845 P.2d 272, 275 (Utah Ct.App.1993) (internal quotation marks omitted). Husband has prevailed on the imputed income issue by our affirming the district court's ruling imputing income of $1560 per month to Wife. Wife has substantially prevailed on the other issues, except for her request for costs, by our remanding for further findings of fact. As the substantially prevailing party on appeal, Wife is entitled to reasonable attorney fees incurred on appeal. On remand, the district court should determine the amount of that award.

## CONCLUSION

¶ 30 The district court entered detailed findings of fact regarding Wife's capabilities and employability that are sufficient to support the district court's decision to impute income to Wife. Therefore, we affirm the

district court's order imputing income in the amount of $1560 to Wife. However, with respect to the remaining issues, the voluminous evidence and complicated issues in this case make it difficult, if not impossible, to review the district court's rulings without further detailed explanations. As a result, we reverse and remand for more detailed findings of fact and explanations of the following issues: alimony award, including the amount, reduction, and duration of said award; division of personal property and royalty payments; division and payment of debt; and attorney fees.

¶ 31 We determine that the district court did not abuse its discretion in denying Wife's costs without considering Wife's needs or Husband's ability to pay costs since the court ultimately found those costs unreasonable. As a result, we affirm the court's denial of costs.

¶ 32 Regarding attorney fees on appeal, this court concludes that Wife has substantially prevailed on all but the imputed income and request for costs issues and we remand the issue of Wife's entitlement to attorney fees incurred on appeal to the district court for its valuation.

¶ 33 I CONCUR: RUSSELL W. BENCH, Judge.

¶ 34 I CONCUR IN THE RESULT ONLY: JAMES Z. DAVIS, Judge.