IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Richard T. Lamar, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20111065-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 23, 2012) |
| Jodi A. Lamar, | ) | |
| | ) | 2012 UT App 326 |
| Respondent and Appellee. | ) | |

-----

First District, Logan Department, 094100347
The Honorable Kevin K. Allen

Attorneys:     Richard T. Lamar, North Logan, Appellant Pro Se
               R. Christian Hansen, Logan, for Appellee

-----

Before Judges Orme, Davis, and Voros.

¶1     Appellant Richard T. Lamar (Husband) appeals from the divorce decree entered in this case. He claims that the district court erred by (1) ordering him to pay one half of a $4,999 judgment against Appellee Jodi A. Lamar (Wife), (2) entering insufficient findings of fact regarding Wife's needs and earning capacity, (3) ordering Husband to pay a portion of Wife's attorney fees, and (4) ordering Husband to repay Wife for her 2008 federal tax refund.

¶2     Husband essentially challenges the sufficiency of the evidence supporting the district court's findings of fact and conclusions of law. "We review challenges to findings of fact for clear error." *Henshaw v. Henshaw*, 2012 UT App 56, ¶ 10, 271 P.3d 837. "A trial court's factual determinations are clearly erroneous only if they are in conflict with the clear weight of the evidence, or if this court has a definite and firm

conviction that a mistake has been made." *Kimball v. Kimball*, 2009 UT App 233, ¶ 14, 217 P.3d 733 (citation and internal quotation marks omitted). However, in order to successfully challenge the sufficiency of the evidence to support factual findings, an appellant must first marshal all the evidence supporting the challenged findings and then demonstrate why it is legally insufficient. *See id*. ¶ 20, n.5[1] "Even where [an appellant] purport[s] to challenge only the legal ruling . . . if a determination of the correctness of a court's application of a legal standard is extremely fact-sensitive, [the appellant] also [has] a duty to marshal the evidence." *Chen v. Stewart*, 2004 UT 82, ¶ 20, 100 P.3d 1177.

¶3      To enable the appellant to marshal the evidence and to allow an appellate court to conduct a review of the record, an appellant must provide an adequate record. Rule 11(e)(2) of the Utah Rules of Appellate Procedures estates,

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript.

---

[1] We explained the marshaling requirement in detail in *Kimball v. Kimball*, 2009 UT App 233, ¶ 20 n.5, 217 P.3d 733. There we stated that "if there is evidence supporting a finding, absent a legal problem—a 'fatal flaw'—with that evidence, the finding will stand, even though there is ample record evidence that would have supported contrary findings." *Id.* Therefore,

> [n]o matter what contrary facts might have been found from all the evidence, our deference to the trial court's pre-eminent role as fact-finder requires us to take the findings of fact as our starting point, unless particular findings have been shown, in the course of an appellant's meeting the marshaling requirement, to lack legally adequate evidentiary support.

*Id.*

Utah R. App. P. 11(e)(2). Based upon Husband's failure to provide an adequate record and the resulting failure to satisfy the marshaling requirement, we do not consider the issues regarding the sufficiency of the evidence to support the district court's findings of fact. Accordingly, we review only Husband's claims that the findings are legally insufficient to support the district court's rulings and his claims of legal error. In doing so, we accept the findings as made by the district court.

¶4      The district court found that Wife settled a case on behalf of her child and received a check. The district court further found that both Husband and Wife benefitted from the use of these funds. A Nevada court later entered a judgment against Wife in the amount of the settlement check. Based upon the finding that both Husband and Wife benefitted from the use of the funds, the allocation of the judgment to be paid one-half each by Husband and Wife was not erroneous.

¶5      Husband next argues that the district court's findings of fact regarding Wife's financial need and earning capacity are not adequately supported by the evidence. As indicated above, this argument is unavailing given Husband's failure to provide a transcript and resulting inability to properly marshal the evidence supporting the findings he challenges. Husband also challenges the amount of the alimony award. Without marshaling the evidence and demonstrating any error in the foregoing findings, Husband is unable to demonstrate that the court abused its discretion in making its alimony award.

¶6      Husband claims that the district court erred in requiring Husband to repay Wife for her 2008 tax refund. The findings of fact included findings that in February 2009, Wife's 2008 tax refund was directly deposited into Husband's bank account. During the marriage, Husband maintained all bank accounts and Wife did not have a bank account. Wife and Husband filed separate tax returns during the marriage. After March 2009, Husband denied Wife access to the bank accounts. Given the court's findings, Husband's arguments that the tax refund did not accrue during the marriage and that it had no value as of the time of the divorce petition's filing because it had been spent are without merit. The district court did not err in awarding Wife her 2008 tax refund.

¶7      Finally, Husband claims that the district court erred in its award of partial attorney fees to Wife. Husband did not preserve any claim regarding the reasonableness of Wife's attorney fees by raising that claim in the district court. "To preserve an issue

for appellate review, a party must raise the issue at trial in a timely, specific fashion and introduce supporting evidence or relevant legal authority in order to 'put the [trial court] on notice of the asserted error' so that the trial court has an opportunity to correct it." *Hale v. Big H Constr.*, 2012 UT App 283, ¶ 55 (quoting *O'Dea v. Olea*, 2009 UT 46, ¶ 18, 217 P.3d 704). Husband's challenge to the findings regarding Wife's need for assistance also fails because, as previously noted, Husband has not satisfied his marshaling duty in the absence of a trial transcript. Given the findings of fact regarding Wife's financial need and Husband's ability to pay, and the presumed reasonableness of the requested fees absent a preserved challenge, we conclude that the district court did not err in making the award.

¶8 Accordingly, we affirm the divorce decree. We award Wife her reasonable attorney fees incurred on appeal. "Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." *Leppert v. Leppert*, 2009 UT App 10, ¶ 29, 200 P.3d 223 (citation and internal quotation marks omitted). Because Wife prevailed on the issues on appeal, she is entitled to an award of attorney fees on appeal. We remand to the district court for a determination of the amount of reasonable fees incurred by Wife on appeal. In making its determination, the district court "should also take into account the fact that Wife was only granted partial attorney fees at trial." *Elman v. Elman*, 2002 UT App 83, ¶ 43, 45 P.3d 176.

_____

Gregory K. Orme, Judge

_____

James Z. Davis, Judge

_____

J. Frederic Voros Jr., Judge