## WILLIAM JOSEPH RABUSE v. PATRICIA MAE RABUSE.

231 N. W. 2d 493.

July 3, 1975—No. 45607.

*David W. Nord, Kelly & Finley,* and *James F. Finley,* for petitioner.

*Meier, Kennedy & Quinn, William C. Meier,* and *Gordon W. Shumaker,* for respondent.

Heard at Special Term by Rogosheske, Kelly, and Todd, JJ., and considered and decided by the court en banc.

PER CURIAM.

The subject for consideration comes to this court upon a petition for a writ of prohibition.

During the trial of the parties' action and counterclaim for divorce, it was revealed that over a period of time the paternal grandfather had bestowed upon the five children of the marriage

various amounts of personal property consisting of money and securities. Such gifts had been made through their father pursuant to Minn. St. c. 527, Uniform Gifts to Minors Act. Prior to the conclusion of the trial, the parties settled their individual property disputes and the wife was granted custody of the children and a divorce.

Upon a motion made by the wife during the course of the trial, presumably in response to the husband's specific request for the court to declare that she had no interest in the funds and property held by him as custodian for the children, the court made as a finding of fact the following:

"That during the course of this trial, it became apparent to the Court that over the past many years various kinds and amounts of property had been gifted to the minor children of the parties by the grandparents of said minor children and that said gifts had been made to the Petitioner herein as custodian under the Uniform Gift to Minors Act. It appeared to the Court that an accounting for said gifts during the course of the trial of this matter was completely inadequate. Questions arose as to the use of said gifted property and the Court is concerned as to the present whereabouts of said gifted property. The Court intends to retain jurisdiction over said matter as it relates to said minor children and has by separate Order appointed a guardian pursuant to statute for said minor children, the purpose of said guardianship and the duties of said guardian has been announced by the Court in said Order."

The trial court issued an order appointing a member of the bar as guardian ad litem for the children. The order instructed the guardian to investigate and prepare an accounting with respect to the children's funds held by the father as custodian. Upon the challenge by the father as to the validity of the order, this court issued a temporary writ.

On this review, the mother urges that courts may exercise their jurisdiction for protection of infants even if they are not

parties to the litigation. The father's challenge to the issuance of the order is based upon the claim that statutory provisions relating to divorce do not authorize the court to investigate the misdealings by a parent of the children's separate property, and more particularly, it is urged that the Uniform Gifts to Minors Act provides within its terms a remedy. Minn. St. 527.08.

Section 527.08 reads as follows:

"Subdivision 1. The minor, if he has attained the age of 14 years, or the legal representative of the minor, an adult member of the minor's family, or a donor or his legal representative may petition the court for an accounting by the custodian or his legal representative.

"Subd. 2. The court, in a proceeding under this chapter or otherwise, may require or permit the custodian or his legal representative to account and, if the custodian is removed, shall so require and order delivery of all custodial property to the successor custodian and the execution of all instruments required for the transfer thereof."

The provision of subd. 2 which states "[t]he court, in a proceeding under this chapter *or otherwise*," makes it clear that the legislature recognized the existence in the courts of a broad jurisdiction for the protection of infants. The enforcement procedure prescribed in the uniform act is clearly not exclusive and is not limited to a proceeding under the act.

The doctrine of protective power in the courts for infants has been expressed in many decisions and is summarized in 42 Am. Jur. 2d, Infants, § 22, as follows:

"It has long been recognized that courts of equity may exercise their jurisdiction for the protection of the persons and estates of infants, even if they are not parties to a litigation. The jurisdiction of equity over the persons and property of infants is supposed to have originated in the perogative of the Crown in England, arising from its general duty as parens patriae to protect persons who have no other rightful protector.

"This jurisdiction is broad, comprehensive, and plenary, and is not confined to cases of a strictly fiduciary character. In all suits or legal proceedings, of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary fully to protect such rights."

That this court has recognized the protective power of the courts with regard to infants is made clear in Anderson v. Anderson, 260 Minn. 226, 230, 109 N. W. 2d 571, 575 (1961):

"* * * This general equitable power obviously includes the right to make provisions for the custody and maintenance of minor children, who are in no way responsible for the failure of their parents to live together. This court has chosen to follow what is considered the more modern and better rule that a court in an action for divorce, after denying a divorce, retains jurisdiction in the same action, under its general equitable powers, to make provisions for the care and custody of the minor children where the parents are in fact living apart from each other. Although there is substantial and respectable judicial opinion that this equitable power ought not to be exercised in a state where jurisdiction to grant a divorce is vested in a court of equity, which already has jurisdiction to protect the interests of a child, we have made it clear that we cannot concur in that view and have said that it seems wholly illogical and impractical to make the exercise of the court's protective jurisdiction over infants dependent upon a needless circuity of actions. This is particularly true where, as in this state, the distinction between actions at law and suits in equity and the forms of such actions and suits are abolished. Rules of Civil Procedure, Rule 2; Atwood v. Atwood, 229 Minn. 333, 39 N. W. (2d) 103; Dovi v. Dovi, 245 Wis. 50, 13 N. W. (2d) 585, 151 A. L. R. 1368. This power to protect infants is exercised by the state as an attribute of its sovereignty. See, In re Adoption of Pratt, 219 Minn. 414, 18 N. W. (2d) 147."

An accounting may be demanded as provided in the Uniform

Gifts to Minors Act. However, this would necessitate the starting of a new proceeding with resulting delays. We hold that the trial judge's direct approach is not only within the inherent protective power of the court but provides a speedier and somewhat less expensive manner of accomplishing the desired protection.

Accordingly, the writ is quashed.