598 P.2d 524 (1979)
In re the MARRIAGE OF Marcia H. WOLFERT, Appellee, and
Ludwig Georg Wolfert, Appellant, and Concerning Elisabeth Wolfert and Eric Wolfert, Intervenors-Appellees.
No. 78-339.
Colorado Court of Appeals, Div. II.
May 10, 1979.
Rehearing Denied June 7, 1979.
*525 DiManna, Eklund, Ciancio & Jackson, Michael F. DiManna, Denver, for appellee.
Jeffrey R. Edelman, Denver, for appellant.
Joyce S. Steinhardt, Nancy Berk, Denver, for intervenors-appellees.
ENOCH, Judge.
In this dissolution of marriage proceeding, the husband, Ludwig Wolfert, appeals from certain orders entered concerning the two minor children born of the marriage. We affirm.
The facts relative to the issues on appeal are not in dispute. Both husband and wife are employed, and they have sufficient funds to meet their own obligations as well as to provide adequately for the children, ages 11 and 12. During the marriage husband set up a trust for each child under the Colorado Uniform Gift to Minors Act, § 11-50-101 et seq., C.R.S.1973. His primary purpose in establishing the trusts was to provide for the children's college education. At the time of the court hearing the daughter's trust had assets valued at approximately $22,000, and the son's trust was valued at approximately $18,000. The combined monthly income from the two trusts was $269.
As part of the dissolution decree the court awarded custody of the children to the wife, and ordered husband to pay as his share of the support $175 per month for each child, until the age of 18. The court also ordered that the children's funds not be used for any purpose by either parent "until there is a showing that such utilization would be beyond the normal requirements of what a parent must do to support his or her children."
Husband first argues that the court erred in failing to make specific findings of fact as to the separate assets and income of the children before establishing the amount of his obligation of child support. We find no error.
Section 14-10-115, C.R.S.1973, does not require the court to make specific findings of fact concerning the children's assets. What it does require is that, before determining the amount of support to be paid by a parent, the court is to consider, among other things, the financial resources of the child. As the record clearly indicates, before entering its order, the court in this case considered not only the financial resources of both parents, but also the assets of the children. This assessment is evident in the court's discussion from the bench and in its conclusion that the parents were capable of providing for the normal necessities of the children and that the children's funds should be preserved for use beyond the normal requirements of support. Therefore, contrary to husband's contention, the findings in this case were sufficient to meet the requirements of C.R.C.P. 52 and more detailed findings are not required under § 14-10-115, C.R.S.1973.
Husband next contends that the court erred in its interpretation and subsequent order concerning the disposition and management of the trust fund. We do not agree.
Husband argued unsuccessfully to the trial court, and argues again on appeal, that he should be allowed to use a portion of the income from the children's funds to reduce his court ordered support obligation. Husband cites no authority for his position, and we find none.
*526 As husband points out, the Colorado Uniform Gift to Minors Act, § 11-50-105(2), C.R.S.1973, does provide that the custodian may expend the funds for the support, maintenance, education, or benefit of the minor at the discretion of the custodian with or without regard to his duty to support the minor or his ability to do so. However, husband ignores the statutory duty which is imposed upon the parents to provide support for their minor children. Section 14-10-115, C.R.S.1973. Reading the two sections together, we conclude that the intent of the Uniform Gift to Minors Act is to allow custodians to disburse funds whether or not the children are adequately supported. The section does nothing to relieve a parent of the separate duty to support the children, nor does it authorize the custodian to disburse the funds as a means of fulfilling the parent's obligation of support. This interpretation is unavoidable in light of the fact that the gift is irrevocable and gives the children an "indefeasibly vested legal title" to the gift. Section 11-50-104, C.R.S.1973. See also Erdmann v. Erdmann, 67 Wis.2d 116, 226 N.W.2d 439 (1975).
We therefore hold that where a parent or parents voluntarily make gifts to children during the parents' marriage and the gifts are not in fulfillment of a court order to pay support, and where the parents are, at the time of dissolution of the marriage, able to meet their support obligations, the court may order that such gifts not be used to reduce the legal obligation of support. This rule assumes that the court has properly considered the financial resources of the children as required by § 14-10-115(1), C.R.S.1973, before ordering the amount of support to be paid by the parents.
Husband's final contention is that the court erred in failing to enforce a contract between the parties concerning the religious training of their minor children. We disagree.
Prior to their marriage, the parties entered into a written church agreement in which the wife agreed to rear their children in the Catholic faith. The wife has refused to comply with this agreement. Husband argues that there was consideration to support the agreement, and that it should be enforced as any contract.
In the absence of an agreement between the parties entered into at the time of the custody decree, Colorado law gives the custodial parent the right to determine the religious training of the children. Section 14-10-130, C.R.S.1973. Conversely, the non-custodial parent may not force the custodial parent to provide certain religious training for the children. Rhoades v. Rhoades, 188 Colo. 423, 535 P.2d 1122 (1975). Where there is no showing that the children's physical health or emotional development is being significantly impaired, the court has no authority to intervene in the religious determination of the custodial parent. Section 14-10-130, C.R.S.1973.
Consequently we hold that premarital agreements concerning the religious training of unborn children are unenforceable in the courts. Therefore, the trial court was correct in refusing to enforce the agreement.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.