2001 UT App 44

**Sherry C. SHINKOSKEY, Petitioner and Appellee,**

v.

**Robert Kim SHINKOSKEY, Respondent and Appellant.**

No. 990912–CA.

Court of Appeals of Utah.

Feb. 15, 2001.

Stephen W. Cook, Cook & Davis, Salt Lake City, for Appellant.

David S. Dolowitz, Cohne, Rappaport & Segal, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Martin N. Olsen, Olsen & Olsen, Midvale, Guardian Ad Litem.

Before Judges BENCH, BILLINGS, and THORNE.

## OPINION

BILLINGS, Judge:

¶ 1 Robert Kim Shinkoskey (Husband) appeals portions of the Decree of Divorce entered by the trial court. Specifically, Husband appeals the trial court's order that he repay funds he used that had been gifted by his parents to the Shinkoskeys' children. In addition, Husband appeals the trial court's order that he pay a portion of Sherry C. Shinkoskey's (Wife) attorney fees. We affirm in part, and reverse and remand in part.

## FACTS

¶ 2 The Shinkoskeys were married September 8, 1983. Wife had a daughter, Talia, from a prior relationship. The couple had four other children between 1984 and 1988. The couple separated in 1996.

¶ 3 During the marriage, Husband's parents gifted shares of stock and bonds to the children, including Talia, naming Husband as custodian under the Uniform Transfers to Minors Act, Utah Code Annotated §§ 75–5a–101 to –123 (1993).[1] During the course of the

---

1. The Uniform Transfer to Minors Act was origi- nally established in 1956 as the Uniform Gifts to

divorce litigation, Husband used approximately $29,000 of these custodial funds. He also sold certain stocks and bonds that had been held on behalf of Talia.

¶ 4 The trial court found Husband had misappropriated the funds from the minor children's accounts and ordered him to repay the accounts in full plus any growth thereon. Additionally, the trial court ordered Husband to repay Talia some $12,719 plus interest for stocks and bonds he had sold. The trial court also ordered Husband to pay $15,000 of Wife's attorney fees and costs.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Whether the trial court had jurisdiction to consider Husband's use of funds from the children's custodial accounts is a question of law, which we review for correctness. *See Jefferies v. Jefferies*, 895 P.2d 835, 836 (Utah Ct.App.1995). In making orders pursuant to the division of a marital estate, the trial court is vested with considerable discretion. *See, e.g., Bridenbaugh v. Bridenbaugh*, 786 P.2d 241, 242 (Utah Ct.App.1990) (noting trial court's discretion in alimony award). We thus review the trial court's order that Husband repay the money he used from the children's accounts for abuse

of discretion. Similarly, the decision to grant or deny attorney fees is "within the trial court's sound discretion." *Munns v. Munns*, 790 P.2d 116, 123 (Utah Ct.App.1990) (citations omitted).

## ANALYSIS

I. Jurisdiction to Order Husband to Repay the Children's Custodial Funds

¶ 6 Husband argues the trial court lacked jurisdiction to order him to repay the children's funds that he held as custodian under the Uniform Transfers to Minors Act. Husband argues the court lacked jurisdiction because, among other reasons, the children were not joined as parties to the divorce.[2] Wife and the guardian ad litem,[3] however, argue that the trial court had statutory authority to make equitable orders relating to the children and property.

¶ 7 Under Utah's divorce statute, "[w]hen a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, debts or obligations, and parties." Utah Code Ann. § 30-3-5(1) (Supp.2000). Thus, by the plain language of the statute, divorce courts have jurisdiction over "children" and the children[4]

Minors Act. The act was revised and renumbered to take effect in 1990; however, these changes do not affect our analysis and we cite to the most recent version for convenience.

2. Husband also argues that the trial court lacked jurisdiction because the children's custodial funds issue was not raised in the pleadings. Rule 15(b) of the Utah Rules of Civil Procedure provides that issues not raised in the pleadings may be tried by express or implied consent. If an issue is fully tried, a court may decide the issue and deem the pleadings amended even if the issue was not originally pleaded. *See Fisher v. Fisher*, 907 P.2d 1172, 1176 (Utah Ct.App. 1995) (citing *Colman v. Colman*, 743 P.2d 782, 785 (Utah Ct.App.1987)). Whether the pleadings may be deemed amended depends on whether the opposing party had a fair opportunity to defend. *See Colman*, 743 P.2d at 785. That the issue has been tried must be evident from the record. *See Fisher*, 907 P.2d at 1176.

Although in oral argument Husband claimed lack of notice, the record indicates that in August of 1998 Wife requested an accounting of the funds. The record also indicates that Husband's counsel deposed one of the donors before trial. Additionally, the trial court noted that Husband

was aware of the issue in pretrial and other conferences. Husband's counsel also submitted a trial brief on the issue, then tried the issue without establishing unfair surprise or other prejudice. Because Husband had the opportunity to prepare and meet the issue, we conclude that the issue of the children's custodial funds was tried by implication.

3. The trial court appointed a guardian ad litem to represent the minor children's interests in this case.

4. Husband's brief mentions Talia separately from the couple's minor children although Talia was a minor when the action was commenced. Husband's brief and the record do not offer any basis for finding that Talia's status legally differs in regard to jurisdiction and repayment. Our courts have assumed jurisdiction in divorce and decree modification actions and recognized that stepparents may have rights and obligations to their stepchildren that are similar to biological parents' rights and obligations. *See Gribble v. Gribble*, 583 P.2d 64, 66 (Utah 1978) (recognizing stepparent visitation rights based on in loco parentis doctrine); *Brinkerhoff v. Brinkerhoff*, 945 P.2d 113, 116–17 (Utah Ct.App.1997) (recog-

are not required to be joined as parties for the trial court to make equitable orders concerning them. Indeed, prior to trial the parties stipulated to the trial court's jurisdiction over themselves and their children.

¶ 8 Husband next argues that *Jefferies v. Jefferies*, 895 P.2d 835 (Utah Ct.App.1995), precluded the trial court from ordering him to repay funds he took from the children's custodial accounts. In *Jefferies* the husband, without the wife's knowledge, transferred $145,000 to accounts under the Utah Uniform Transfers to Minors Act. *See id.* at 836–37. The trial court considered those transfers to be a fraudulent attempt to diminish the marital estate and voided the transfers, effectively restoring the money to the marital estate. *See id.* at 837. On appeal this court held that "[a] transfer made pursuant to the Uniform Transfers to Minors Act 'is irrevocable and the custodial property is indefeasibly vested in the minor.' It is beyond the jurisdiction of the court when dividing marital assets between the parents in a divorce proceeding to reach assets of the children." *Id.* at 838 (quoting Utah Code Ann. § 75–5a–112(2) (1993)). This court thus remanded, ordering the trial court to divide the estate without inclusion of the children's accounts. *See id.* However, we noted the trial court could hold the husband accountable to the wife for dissipating marital assets equal to the amount the husband gifted to the children, thus resulting in an equitable division. *See id.*

¶ 9 *Jefferies* stands for the narrow proposition that assets belonging to the children are not marital assets, and may not be divided between husband and wife in a divorce. However, *Jefferies* does not hold that the

children must be joined as parties to the divorce for the court to order the children's custodial funds dissipated by Husband be returned to the children's accounts. Moreover, with regard to section 30–3–5, our supreme court has noted "that [statutory] language is in general terms and contains no hint of limitation.... [P]roceedings in regard to the family are equitable in a high degree; and ... the court may take into consideration all of the pertinent circumstances...." *Englert v. Englert*, 576 P.2d 1274, 1276 (Utah 1978) (footnote omitted).

 ¶ 10 We conclude *Jefferies* is distinguishable. An invasion of custodial property "indefeasibly vested in the minor" is not at issue here. At issue is an equitable order for the benefit of the minor children that Husband repay funds he misappropriated[5] from their accounts and for which he is indebted to his children. *Jefferies* in fact approves of holding a parent accountable for dissipating assets.

¶ 11 Our conclusion is consistent with authority from other jurisdictions. In a similar situation, the Iowa Supreme Court held that a trial court "may assume jurisdiction over the assets held by a custodian pursuant to the Uniform Gifts to Minors Act to protect the children's interest[s]." *In re Hoak*, 364 N.W.2d 185, 188 (Iowa 1985). In *Hoak*, the husband proposed and the trial court adopted a plan to sell the children's assets and establish a trust for their support. *See id.* Thus the trial court did not order the husband to pay child support. *See id.* The mother challenged the order, arguing, among other points, that the trial court had no jurisdiction

---

nizing stepparent duty of support based on equitable estoppel and implied contract) (citing *Mace v. Webb*, 614 P.2d 647, 649 (Utah 1980); *Wiese v. Wiese*, 699 P.2d 700, 703 (Utah 1985)). Although not Husband's biological daughter, the couple married when Talia was an infant. Husband raised Talia so that for the majority of her life she shared a place in the family with the other children. Thus, for purposes of jurisdiction and repayment, we consider Talia to be in a similar position to the couple's minor children.

5. An underlying fact found by the trial court is that Husband misappropriated funds from the children's accounts. We give great deference to the trial court's findings of fact in divorce cases

and will not overturn them unless they are clearly erroneous. *See* Utah R.Civ.P. 52(a); *Kessimakis v. Kessimakis*, 1999 UT App 130, ¶ 8, 977 P.2d 1226. When challenging a trial court's findings, "[a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.' " *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989) (citation omitted). Because Husband does not marshal the evidence, but merely restates facts supporting his position, we take as true the trial court's finding that he misappropriated the funds. *See Moon v. Moon*, 1999 UT App 12, ¶ 24, 973 P.2d 431.

over the children's assets. *See id.* In determining that jurisdiction did exist to protect the interests of the children, the *Hoak* court compared the court's power over assets to "the protective power exercised over parents and children to assure that a child receives proper care and treatment." *Id.* Noting that Iowa's divorce statutes, which are similar to Utah's, provide for jurisdiction over custody, child support, and appointment of counsel in a child's interest, the court stated:

> Inherent in this statutory scheme is the jurisdiction and authority of the court to protect the child's financial interests. While this remedy is additional to those contained in the Uniform Gifts to Minors Act, we agree ... that the "enforcement procedure prescribed in the uniform act is clearly not exclusive and is not limited to a proceeding under the act."

*Id.* (quoting *Rabuse v. Rabuse,* 304 Minn. 460, 231 N.W.2d 493, 494 (1975)).

¶ 12 Other cases indicate that trial courts have, without discussion, exercised jurisdiction over children's custodial funds in divorce actions. In *In re Wolfert,* 42 Colo.App. 433, 598 P.2d 524 (1979), the trial court ordered that the children's custodial funds not be used by either parent until the parent demonstrated an inability to meet his or her support obligation. *See id.* at 525. This order was affirmed on appeal. *See id.* at 526. Similarly, in *Trunko v. Trunko,* 642 S.W.2d 673 (Mo.Ct.App.1982), the issue of the children's custodial funds was addressed and both the trial court and appellate court assumed jurisdiction without discussion. *See id.* at 677 n. 7.

¶ 13 Accordingly, we conclude that under section 30-3-5 the trial court had jurisdiction in this divorce action to order Husband to repay the children's custodial funds.

## II. Order to Repay the Children's Custodial Funds

¶ 14 We must next determine whether the trial court abused its discretion in ordering Husband to repay funds he took from the children's custodial accounts. Husband argues that as custodian of the funds gifted to his stepdaughter and his other children, he was vested with discretion in managing the funds in their best interests and that all the money was spent within the parameters of that discretion. The trial court disagreed, stating in its Findings of Fact that Husband "misappropriated funds," that "any invasion was improper including any invasion involving Talia," and that he "violated his fiduciary duties as guardian of the children's funds and misappropriated and flatly stole the funds." Because Husband has not marshaled the evidence, we assume the record supports the trial court's findings. *See Moon v. Moon,* 1999 UT App 12, ¶ 24, 973 P.2d 431.

¶ 15 We must therefore determine whether, based on its findings, it was an abuse of discretion for the trial court to order repayment of the misappropriated money. Under the abuse of discretion standard, "we will not reverse unless the decision exceeds the limits of reasonability." *Mast v. Overson,* 971 P.2d 928, 931 (Utah Ct.App.1998). In essence, Husband argues that he could not afford to use his own funds to pay for his children's care and support, so he was justified in using their funds of which he was custodian. However, under the Utah Uniform Transfers to Minors Act, a custodian may not use custodial funds to satisfy a child support obligation. Section 75-5a-115(3) provides that an "expenditure under this section is in addition to, not in substitution for, and does not affect any obligation of a person to support the minor." Utah Code Ann. § 75-5a-115(3) (1993). Based on our statutory structure and the trial court's findings, we cannot say the trial court's decision to order Husband to repay the funds exceeded the limits of reasonability.

¶ 16 Our conclusion is supported by cases from other jurisdictions. For example, in *In re Wolfert,* 42 Colo.App. 433, 598 P.2d 524 (1979), the Colorado Court of Appeals refused to allow the husband in a divorce action to use a portion of the income from his children's accounts to reduce his obligation of support. *See id.* at 526. Although the Colorado divorce statute, unlike Utah's, requires a court to consider the financial resources of the child in awarding support in a divorce, the court stated that Colorado's Uniform

Gifts to Minors Act "does nothing to relieve a parent of the separate duty to support the children, nor does it authorize the custodian to disburse funds as a means of fulfilling the parent's obligation of support." *Id.*

¶ 17 In *In re Hoak*, 364 N.W.2d 185 (Iowa 1985), the wife was named custodian of the children's stock funds. *See id.* at 187. The trial court, at the husband's urging, ordered that the stock be sold and the children's assets be placed in a trust for their support, and accordingly ordered no parental support from the husband. *See id.* The wife challenged this order, arguing that as custodian, she did "not wish to exercise her discretion to expend the funds for the children's support, nor [did] she believe that the court [had] authority to establish a support trust with these funds." *Id.* at 189. On appeal, after concluding the trial court did have jurisdiction over the children's assets as discussed in Part I above, the court held that the trial court erred in creating the support trust. *See id.* Iowa, unlike Utah, requires that the court consider the child's financial resources in awarding support. *See id.* at 190. Moreover, Iowa's Uniform Transfers to Minors Act, unlike Utah's, specifically provides that funds may be used for support. *See id.* at 189. Nevertheless, the court stated:

> [W]hen the parents have significant assets and income to support their children, gifts to minors should not be used to provide day-to-day support in the absence of contrary intent by the donor or other factors indicating that use for support is proper. The children's financial position should not be altered simply because the parents have dissolved their marriage. If the dissolution had not occurred, the children would have continued to be supported by their parents, and the gifted assets would not

have been used for their support. The parents have an obligation to support their children which is not mitigated by gifts to the children prior to the divorce.

*Id.* at 191; *see also Trunko v. Trunko*, 642 S.W.2d 673, 677 n. 7 (Mo.Ct.App.1982) (rejecting husband's argument that income from children's funds should be used to reduce child support obligation).[6] In sum, we conclude the trial court did not abuse its discretion in ordering Husband to reimburse the children's custodial accounts.

### III. Order to Pay Wife $15,000 in Attorney Fees

¶ 18 Husband argues the trial court abused its discretion in ordering him to pay $15,000 toward Wife's attorney fees. Specifically he argues that he does not have the ability to pay the $15,000. A trial court may award attorney fees and costs in divorce proceedings. *See* Utah Code Ann. § 30–3–3 (1998). " 'The decision to award attorney fees and the amount thereof rests primarily in the sound discretion of the trial court. However, the trial court must base the award on evidence of the receiving spouse's financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees.' " *Kelley v. Kelley*, 2000 UT App 236, ¶ 30, 9 P.3d 171 (quoting *Childs v. Childs*, 967 P.2d 942, 947 (Utah Ct.App.1998)). Moreover, "[s]uch an award must be based on sufficient findings" regarding these factors. *Rehn v. Rehn*, 1999 UT App 41, ¶ 22, 974 P.2d 306. Our supreme court has stressed, "The trial court . . . must make the findings of fact explicit in support of its legal conclusions. . . . Without adequate findings of fact, there can be no meaningful appellate review." *Willey v. Willey*, 951 P.2d 226, 230 (Utah 1997); *see also Wilde v. Wilde*, 969 P.2d 438, 444 (Utah Ct.App.1998) (remanding for trial court to reconsider request for fees

---

**6.** Husband relies on two Pennsylvania cases, *Sutliff v. Sutliff*, 515 Pa. 393, 528 A.2d 1318 (1987), and *Perlberger v. Perlberger*, 426 Pa.Super. 245, 626 A.2d 1186 (1993), for the proposition that he is not barred from invading the children's assets to fulfill his support obligations. However, unlike Utah, the Pennsylvania version of the Uniform Gifts to Minors Act specifically provides that a custodian of funds may use those funds for "support, maintenance, education, and benefit of the minor . . . with or without regard to the duty

of himself or any other person to support the minor." *See Perlberger*, 626 A.2d at 1200–01 (quoting § 5305 of the Pennsylvania Uniform Gifts to Minors Act). Our Legislature has determined that custodial expenditures may not substitute for the duty of support. *See* Utah Code Ann. § 75–5a–115(3) (1993). Thus, the conclusion Husband attempts to draw from those cases—that he could properly use custodial funds for the children's support—does not follow from our statutory scheme.

"and to make the required findings in support of its determination"). We also have held that "unless the record 'clearly and uncontrovertedly supports' the trial court's decision, the absence of adequate findings of fact ordinarily requires remand for more detailed findings by the trial court." *Woodward v. Fazzio*, 823 P.2d 474, 478 (Utah Ct.App.1991) (citation omitted).

¶ 19 In its Findings of Fact, the trial court stated:

> Each of the parties is going to have difficulty in paying their attorneys fees and yet, the Court has determined they should be ordered to do so. To assist the Petitioner in payment of her fees, [t]he Court finds the Respondent should be ordered to pay $15,000.00 toward Petitioner's fees and costs. This sum is less than the full amount that she has incurred because the Court has previously determined that the Petitioner is indebted to the Respondent for attorneys fees in an undetermined amount based on her contempt of court and there are limitations on what the Respondent can afford to pay; particularly in light of the order of the Court that will require him to repay the children money that has been expended, whether on them or not, during the course of this litigation.

The trial court did not make specific findings on any of the factors, particularly whether under the circumstances Husband had the ability to pay. The trial court's factual findings are so conclusory as to preclude meaningful review. Because we cannot say that the record "clearly and uncontrovertedly" supports the award of $15,000 to Wife, we reverse and remand for sufficient findings.

IV. Attorney Fees on Appeal

¶ 20 Wife has requested attorney fees on appeal. "Generally, when fees in a divorce case are awarded to the prevailing party at the trial court, and that party in turn prevails on appeal, then fees will also be awarded on appeal." *Marshall v. Marshall,* 915 P.2d 508, 517 (Utah Ct.App.1996). Because the trial court did not make sufficient findings to support the award of attorney fees to Wife, we cannot determine if she should be awarded fees on appeal. However, if the trial court determines it can make sufficient findings on each of the factors required to support the award then Wife should also receive her reasonable fees on appeal.

## CONCLUSION

¶ 21 We conclude that section 30–3–5 gives the trial court jurisdiction to order Husband to repay funds Husband misappropriated from his children's accounts under the Utah Uniform Transfers to Minors Act. We also conclude the trial court did not abuse its discretion in ordering Husband to repay the funds. Finally, because the trial court failed to make specific findings, we are unable to determine whether the trial court abused its discretion in awarding Wife attorney fees. Therefore, we reverse and remand the attorney fees award.

WE CONCUR: RUSSELL W. BENCH, Judge, WILLIAM A. THORNE, Jr., Judge.