2003 UT App 282

**Jeanny Louise DAVIS, Petitioner and Appellee,**

v.

**Johnny Mack DAVIS, Respondent and Appellant.**

No. 20020086–CA.

Court of Appeals of Utah.

Aug. 7, 2003.

James H. Woodall, Suzanne Marelius, Salt Lake City, for Appellant.

Rosemond G. Blakelock, Blakelock & Stringer PA, Provo, for Appellee.

Before BILLINGS, Associate P.J., and ORME and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Johnny Mack Davis (Husband) appeals from the trial court's divorce order. We affirm.

## BACKGROUND

¶ 2 After thirty-five years of marriage, Jeanny Louise Davis (Wife) filed for divorce from her husband. The parties were unable to agree upon a property settlement and requested that the trial court bifurcate the divorce. The trial court dissolved the marriage and conducted a separate trial to determine the division of property. Prior to trial, the parties stipulated to the division of some of the property, but asked the trial court to rule on the issues of (1) alimony, (2) division of retirement assets, and (3) attorney fees. Following the motion, the trial court awarded Wife $1,000 per month in alimony, $2,500 in attorney fees, and allowed her to retain sole possession of $51,000 in her Federal Retirement Thrift Savings Account. Husband appealed.

¶ 3 We reversed and remanded the matter directing the trial court to address the seven factors set forth in Utah Code Annotated section 30–3–5(7)(a) (1998) prior to dividing the property. We further directed the trial court to " 'move beyond merely considering [the parties'] incomes and inquire more fully into their financial situations.' " *Davis v. Davis*, 2001 UT App 327U, 2001 WL 1340747 (*Davis I*) (quoting *Williamson v. Williamson*, 1999 UT App 219, ¶ 11, 983 P.2d 1103). We also reversed the trial court's division of retirement assets, stating "[a]n equitable division of marital property is not purely an independent determination, but must be made in light of the alimony, if any, that is awarded." *Id.* We also reversed the attorney fee award and remanded "for a determination of attorney fees that is supported by detailed factual findings." *Id.*

¶ 4 In its revised order on remand, the trial court, among other things, found that Wife was entitled to $1,000 per month in alimony for the next ten years. The trial court supported its alimony award with findings that Wife had not worked the majority of the thirty-five year marriage, that she was currently employed as a clerk-typist earning approximately $1,370 per month, and that her monthly expenses equaled $2,100. The trial court concluded that Wife's employment opportunities were limited, that Husband had been the primary financial provider in the

marriage, and that Husband could afford to pay alimony because he earned approximately $4,500 per month and only had monthly expenses of $3,000. The trial court also reasoned that Wife had enjoyed a higher standard of living before the divorce and that alimony was needed to mitigate this disparity.

¶ 5 The trial court ordered the parties to retain their respective retirement and pension plans and stated that any "perceived disparity ... is attributed ... to [Husband's] present and future ability to ensure himself an adequate retirement versus [Wife's] inability to do the same." The court awarded the farm to Husband, which could be sold and the proceeds used to "further ensure an adequate retirement." The court also took into account that Wife had made $8,040 in payments on the farm even though it was ultimately awarded to Husband and that she had incurred "upkeep expenses during the parties' separation ... totaling $8,257" and that Husband had not contributed to meeting those expenses. Additionally, the court found that "[Husband] has depleted his retirement accounts in contravention of this Court's order."

¶ 6 Husband appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Husband argues that the trial court exceeded its permitted range of discretion by awarding Wife $1,000 per month in alimony. " 'Trial courts have considerable discretion in determining alimony ... and [determinations of alimony] will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated.' " *Breinholt v. Breinholt*, 905

P.2d 877, 879 (Utah App.1995) (alteration in original) (quoting *Howell v. Howell*, 806 P.2d 1209, 1211 (Utah Ct.App.1991)). "We review a trial court's conclusion of law with respect to alimony awards for correctness, according no deference to the trial court." *Id.* "If, however, we are charged with the task of reviewing the trial court's findings of fact, we will reverse only if the findings are clearly erroneous." *Id.*

¶ 8 Husband next claims that the trial court inequitably divided the retirement assets.

"We afford the trial court 'considerable latitude in adjusting financial and property interests, and its actions are entitled to a presumption of validity.' Accordingly, changes will be made in a trial court's property division determination in a divorce action 'only if there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, the evidence clearly preponderated against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion.' "

*Bradford v. Bradford*, 1999 UT App 373, ¶ 25, 993 P.2d 887 (quoting *Thomas v. Thomas*, 1999 UT App 239, ¶ 16, 987 P.2d 603 (other citations omitted)).

¶ 9 Husband also claims that the trial court erroneously awarded Wife $2,500 in attorney fees. "[T]he decision to grant or deny attorney fees is 'within the trial court's sound discretion.' " *Shinkoskey v. Shinkoskey*, 2001 UT App 44, ¶ 5, 19 P.3d 1005 (quoting *Munns v. Munns*, 790 P.2d 116, 123 (Utah Ct.App.1990)).[1]

---

1. Husband also argues that the trial court abused its discretion when it considered fault in awarding alimony and in dividing the marital assets. Rule 24(a)(9) of the Utah Rules of Appellate Procedure requires parties to include in their briefs "citation to authorities, statutes, and part of the record relied on." The portion of Husband's brief challenging the trial court's use of fault in determining alimony and distribution of property does not adequately set forth an argument as required by rule 24(a)(9). *See* Utah R.App. P. 24(a)(9). We could decline to address this issue on this ground, *see, e.g., MacKay v. Hardy*, 973 P.2d 941, 947–48 (Utah 1998) (noting that "rules of appellate procedure clearly set forth the requirements that appellants and appel-

lees must meet when submitting briefs before this court"), however, because we can easily dispose of the argument, we do so here.

It is well-established that "a trial court must consider many factors in making a property settlement in a divorce proceeding, but that the purpose of the settlement should not be to impose punishment on either party." *Jesperson v. Jesperson*, 610 P.2d 326, 328 (Utah 1980). However, just because a trial court mentions fault in making a property settlement does not mean that a party was, in fact, punished by a property settlement. *See id.* Here, the trial court's findings, excluding those relating to fault, are sufficient to support the alimony award and the property settlement. Hence, Husband was not

## ANALYSIS

### I. Alimony Award

¶ 10 Husband argues that the trial court exceeded its permitted range of discretion by awarding Wife $1,000 in monthly alimony. In support of his position, Husband claims that the trial court miscalculated Wife's income as well as her monthly expenses and thereby challenges these factual findings.[2]

> When challenging a finding, Appellant "must first marshal all [of] the evidence that supports the finding and then demonstrate that despite this evidence the finding is so lacking in support as to be 'against the clear weight of the evidence.'" The marshaling requirement is a prerequisite to our examination of the finding. "'If the appellant fails to marshal the evidence, the appellate court assumes that the record supports the finding[ ] of the trial court....'"

*Wilde v. Wilde*, 2001 UT App 318, ¶ 29, 35 P.3d 341 (alterations in original) (citations omitted). Here, however, Husband simply reargues the evidence he presented at trial, and he ignores the factual support for the trial court's decision to award Wife $1,000 in monthly alimony.[3] Consequently, we conclude Husband has failed to meet his marshalling obligation and, thus, we assume the

record supports the trial court's finding. *See id.*

### II. Retirement Accounts

¶ 11 Retirement accounts are part of the marital estate and they are generally to be equitably divided. *See Dunn v. Dunn*, 802 P.2d 1314, 1319 (Utah Ct.App.1990) (noting that "[i]t is well settled that ... retirement accounts accrued during the marriage, are marital assets and, whenever possible, ... should be equitably divided"). Thus, "[a]n unequal division of marital property ... is only justified when the trial court 'memorializes in commendably detailed findings' the exceptional circumstances supporting the distribution." *Bradford v. Bradford*, 1999 UT App 373, ¶ 27, 993 P.2d 887 (citation omitted).

¶ 12 Here, the trial court found that each party was to "retain the retirement and pension accounts in his or her name." The court explained that "[a]ny perceived disparity in the pension distribution is attributed ... to [Husband's] present and future ability to ensure himself an adequate retirement versus [Wife's] inability to do the same." The court reasoned that "[Wife] has a limited earning potential [and thus,] is more dependant [than Husband] upon the retirement account." Moreover, Wife had made over $8,000 in payments on the farm during the divorce and over $8,000 in maintaining the family home

---

"punished" by the trial court. Furthermore, Utah Code Annotated section 30–3–5(7)(b) allows the trier of fact to consider fault when awarding alimony. *See* Utah Code Ann. § 30–3–5(7)(b) (Supp.2002).

2. Husband argues that Wife's monthly income should be increased because Wife voluntarily contributes $227.41 each month toward her retirement. Husband further argues that Wife's monthly expenses should have been reduced because Wife's financial declaration erroneously included a $355.00 per month car loan payment. Taken together, these amounts could reduce Wife's alimony award by over $550.00 per month.

3. For example, Wife testified that a portion of her monthly paycheck was saved for retirement. While the trial court could have considered this amount as income, *see Griffith v. Griffith*, 1999 UT 78, ¶ 19, 985 P.2d 255 (noting that "trial courts have broad discretion in selecting an appropriate method of assessing a spouse's income"), the court did not exceed its permitted

range of discretion in choosing not to do so. Wife testified that she had only worked twelve years of the thirty-five year marriage as a clerk-typist and the trial court found that Husband was more employable than Wife. Consequently, Wife contributed to her retirement for a shorter amount of time than Husband and has a lower earning potential than him. In light of this evidence, it was not an abuse of discretion to allow Wife to continue to contribute to her retirement and withhold this amount from the income calculation.

Additionally, the trial court found Wife's monthly expenses to be $2,100. Wife admitted that she erroneously included a $355 per month payment for the farm, an item awarded to Husband, in her expense calculations. However, Wife testified that the car she drove at the time of trial had high milage and would need to be replaced soon. She asked the court to consider the monthly $355 payment as a reasonable car payment. In light of this evidence, it was not an abuse of discretion to include a future car payment in Wife's monthly expenses.

during the two-year divorce proceeding while Husband had not contributed toward these marital obligations. The court also acknowledged that Husband was awarded the farm and could liquidate that property and "use those proceeds to further ensure an adequate retirement." Finally, the court noted that Husband "depleted his retirement accounts in contravention of this court's order."

¶ 13 We conclude that the trial court made sufficient factual findings to support its conclusion that there were "exceptional circumstances" warranting a seemingly unequal distribution of the parties' retirement accounts.[4] *See Bradford*, 1999 UT App 373 at ¶ 27, 993 P.2d 887. Accordingly, the trial court did not exceed its permitted range of discretion when it divided the parties' retirement accounts. Husband's claim that the trial court abused its discretion is without merit.

### III. Attorney Fees

¶ 14 Finally, Husband argues that the trial court abused its discretion in awarding Wife $2,500 in attorney fees. "A trial court may award attorney fees and costs in divorce proceedings." Utah Code Ann. § 30-3-3 (Supp.2002); *see Shinkoskey v. Shinkoskey*, 2001 UT App 44, ¶ 19, 19 P.3d 1005. " 'The decision to award attorney fees and the amount thereof rests primarily in the sound discretion of the trial court. However, the trial court must base the award on evidence of the receiving spouse's financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees.' " *Shinkoskey*, 2001 UT App 44 at ¶ 19, 19 P.3d 1005 (citations omitted). Thus, " 'an [attorney fee] award must be based on sufficient findings,' " and the failure to make such findings " 'requires remand for more detailed

findings by the trial court.' " *Id.* (citations omitted).

¶ 15 Here, the trial court found that the amount of the attorney fees was reasonable, given the length of the litigation and the numerous documents filed; that Husband had the ability to pay these fees, given a monthly income in excess of $4,500; and that Wife demonstrated a need to have some assistance with payment of her attorney fees given that her monthly expenses exceeded her income by over $700. These factual findings, while not extremely detailed, are sufficient to support the award of attorney fees and the trial court did not exceed its permitted range of discretion in making this award.

### CONCLUSION

¶ 16 We affirm the trial court's order. Husband failed to properly marshall the evidence; thus, we presume that the findings are supported by the evidence. The trial court made sufficient factual findings demonstrating that exceptional circumstances existed warranting the unequal distribution of the parties' retirement accounts. Finally, the trial court did not exceed its permitted range of discretion when it awarded Wife attorney fees, because there was evidence to support its finding of Wife's need, Husband's ability to pay, and that the fees were reasonable.

¶ 17 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and GREGORY K. ORME, Judge.

---

4. In fact, it is not clear from the record that the distribution was "unequal." The trial court found that Husband depleted his retirement ac-
counts; however, the findings do not reflect the amounts contained in those accounts prior to their depletion.