2009 UT App 1

**Kae JENSEN, Petitioner and Appellee,**

v.

**David Leon JENSEN, Respondent and Appellant.**

No. 20061164–CA.

Court of Appeals of Utah.

Jan. 2, 2009.

Douglas L. Neeley, Manti, for Appellant.

Craig G. Adamson, Craig A. Hoggan, and Joelle S. Kesler, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BILLINGS [1] and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 David Leon Jensen (Husband) appeals from the trial court's Supplemental Findings of Fact and Conclusions of Law, arguing that the trial court erred by awarding Kae Jensen (Wife) one-half of the increase in equity of A & D Contractors, Inc. (A & D) and by awarding Wife attorney fees without entering findings on all of the necessary factors. We reverse the trial court's award of one-half of the increased equity in A & D to Wife and reverse and remand for reconsideration of and adequate findings on the award of attorney fees to Wife.

## BACKGROUND

¶ 2 Husband and Wife were married for seventeen years and had one child together. They were divorced in July 2005, pursuant to a bifurcated decree and subsequently participated in a three-day trial addressing the division of property and debt.

¶ 3 At the close of trial, the court found that Husband was employed by A & D, a closely held corporation, throughout the parties' marriage. The trial court also found that Wife was the primary "homemaker and caretaker" of the parties' child. From 1991 forward, Wife worked part-time as a beautician and massage therapist. At the time of trial, Wife was operating a massage therapy and cosmetology business out of the parties' residence.

¶ 4 Regarding A & D, the trial court found that the corporation was organized in 1967 by Husband's father and uncles. Through a series of transactions, Husband became the owner of up to half of the corporation's issued shares. In addition, the trial court found that from at least 2001, A & D's corporate tax returns indicated that Husband and his brother, Mark, each owned fifty percent of the corporation; the two brothers "ha[d] been in charge of the [c]orporation since the death of their father"; Husband was listed on various stock certificates as owning fifty percent of A & D's stock; and Husband was the president of the corporation. The trial court also noted that Husband's mother testified that she owned A & D stock, but had assigned her interest in that stock to her two sons, and the assignment "would become a full transfer upon her death." The trial court also found that over the course of the

1. Judge Billings acted on this case prior to her retirement on Dec. 31, 2008.

parties' marriage, A & D's equity increased by $230,851.

¶ 5 Based on these findings, the trial court awarded Husband all the stock he "owns in A & D ... because it is his separate property acquired by gift."[2] The court also ordered that the entire $230,851 increase in A & D's equity "should be divided between the parties. It is marital property because [Wife] has contributed to such increase by taking upon herself the household responsibilities and care of the child." The court also ordered Husband to pay Wife's attorney fees in the amount of $12,562.50. Husband appeals.

## ISSUES & STANDARDS OF REVIEW

 ¶ 6 Husband argues that the trial court should not have awarded Wife one-half of the total increase in equity in A & D because (1) the trial court failed to make an explicit finding as to ownership in A & D; (2) the trial court awarded property to Wife that did not belong to Husband; and (3) the increased equity is not marital property. " 'A trial court has considerable discretion concerning property [division] in a divorce proceeding, thus its actions enjoy a presumption of validity.' " *Elman v. Elman*, 2002 UT App 83, ¶ 17, 45 P.3d 176 (alteration in original) (quoting *Schaumberg v. Schaumberg*, 875 P.2d 598, 602 (Utah Ct.App.1994)). Consequently, we will not disturb a property award unless we determine that there has been " 'a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, the evidence clearly preponderates against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion.' " *Id.* (quoting *Schaumberg*, 875 P.2d at 602 (additional internal quotation marks omitted)). We review the legal adequacy of findings of fact for correctness as a question of law. *See Wall v. Wall*, 2007 UT App 61, ¶ 7, 157 P.3d 341, *cert. denied*, 168 P.3d 819, 2007 Utah LEXIS 120

(Utah, May 29, 2007); *Van Dyke v. Van Dyke*, 2004 UT App 37, ¶ 9, 86 P.3d 767.

 ¶ 7 Husband also argues that the trial court erred in awarding Wife attorney fees without making necessary findings. We review a trial court's attorney fees award in divorce proceedings for abuse of discretion. *See Davis v. Davis*, 2003 UT App 282, ¶ 9, 76 P.3d 716. To demonstrate that the trial court has acted within its allotted discretion, " 'the trial court must base the award on evidence of the receiving spouse's financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees.' " *Id.* ¶ 14 (quoting *Shinkoskey v. Shinkoskey*, 2001 UT App 44, ¶ 19, 19 P.3d 1005). "[T]he failure to make such findings 'requires remand for more detailed findings by the trial court.' " *Id.* (quoting *Shinkoskey*, 2001 UT App 44, ¶ 19, 19 P.3d 1005) (additional internal quotation marks omitted).

## ANALYSIS

### I. Award of Increase in Equity

#### A. Ownership of A & D

 ¶ 8 Husband first argues that the trial court failed to make an express finding of ownership in A & D and abused its discretion by ruling that the "*total equity* in ... A & D ... should be divided between [Husband and Wife]" because, at most, Husband owns only fifty percent of the corporation.[3] (Emphasis added.) As previously stated, we will not disturb a trial court's decision regarding property distribution in domestic cases unless there is "a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, the evidence clearly preponderates against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion." *Elman*, 2002 UT App 83, ¶ 17, 45 P.3d 176 (internal quotation marks omitted). To withstand appellate review, "[t]he [trial court's]

---

**2.** Actually, according to Husband's testimony, Husband acquired part of his stock by purchase funded by A & D despite Husband's written agreement to pay for the stock himself.

**3.** Wife responds indirectly to these arguments, asserting that Husband was required to marshal

the evidence in support of the trial court's award and failed to do so. To the contrary, Husband's arguments address the legal sufficiency of the findings themselves. As such, marshaling is not required.

findings of fact must show that the court's judgment or decree follows logically from, and is supported by, the evidence. The findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." *Gardner v. Gardner*, 748 P.2d 1076, 1078 (Utah 1988) (citation and internal quotation marks omitted). Furthermore, the property division "must be based upon adequate factual findings and must be in accordance with the standards set by this state's appellate courts." *Dunn v. Dunn*, 802 P.2d 1314, 1317 (Utah Ct.App.1990). In dividing property in divorce cases, "the [trial] court must identify the property in dispute and determine whether each item is marital or separate property." *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 15, 176 P.3d 476. "Failure of the trial court to make findings on all material issues is reversible error unless the facts in the record are clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Gardner*, 748 P.2d at 1078. (internal quotation marks omitted). In this case, the findings regarding A & D are deficient and do not sufficiently support the trial court's ultimate judgment.

■■■ ¶ 9 First, the trial court did not adequately identify Husband's the ownership interest in A & D. Despite conflicting evidence about Husband's mother's ownership interest, the trial court made no finding that she made a binding, valid assignment of her stock to Husband and his brother Mark and thus had no interest in A & D. The findings state that Husband and Mark are "[fifty percent] owners of the [c]orporation," implying that the trial court discounted the mother's testimony and determined that she had no interest in A & D. However, there remains ambiguity and inconsistency in the findings of fact on this point. Second, despite finding that Mark owned half of A & D, the trial court proceeded to treat all of A & D's increased equity as though it belonged exclusively to Husband. The court then concluded that Husband and Wife should split the increased equity. Because Mark owned half of A & D, the trial court essentially awarded Husband's entire interest in the increased equity to Wife. "[F]or marital assets

to be distributed, the assets must be in the possession of one, or both, of the marital parties." *Endrody v. Endrody*, 914 P.2d 1166, 1169 (Utah Ct.App.1996). Because Husband does not own all of A & D, the corporation's total increase in equity is "not available for distribution as [a] marital asset[ ]." *Id.* At most, Husband owns fifty percent of the corporation; consequently the trial court erroneously included Mark's share of A & D's equity in its property award. Thus, the trial court's findings of fact are inconsistent and contrary to law.

**B. Whether A & D's Increased Equity is Marital Property**

■■ ¶ 10 Husband next challenges the trial court's conclusion that any of A & D's equity should be awarded to Wife. In *Mortensen v. Mortensen*, 760 P.2d 304 (Utah 1988), the Utah Supreme Court explained that

> trial courts making "equitable" property division ... should ... generally award property acquired by one spouse by gift and inheritance during the marriage (or property acquired in exchange thereof) to that spouse, together with any appreciation or enhancement of its value, unless ... the other spouse has by his or her efforts or expense contributed to the enhancement, maintenance, or protection of that property, thereby acquiring an equitable interest in it. . . .

*Id.* at 308. The *Mortensen* court also held that a spouse's separate property, particularly income-producing property, could be considered in determining alimony or child support, "*or utilized in other extraordinary situations where equity so demands.*" *Id.* (emphasis added). While Husband acknowledges the rule from *Mortensen* as a correct statement of the law, he argues that the facts of this case do not provide the necessary basis for awarding Wife part of the appreciation on his separate property. We agree.

¶ 11 The *Mortensen* court acknowledged that property divisions in divorce cases are to be "equitable" pursuant to section 30–3–5 of the Utah Code. *See id.; see also* Utah Code

Ann. § 30–3–5 (2007). The court then described several circumstances where a spouse's separate property and/or its appreciation, may be awarded in whole or in part to the other spouse, most notably for purposes of the present appeal: (1) where the nonowner spouse has "contributed to the enhancement, maintenance or protection of that property," or (2) there are "other extraordinary situations where equity so demands." *Mortensen*, 760 P.2d at 308.[4] In this case, the trial court applied the first scenario, concluding that Wife had contributed to the increase in A & D's equity "by taking upon herself the household responsibilities and care of the child." We therefore begin by examining case law addressing circumstances where a spouse's contribution justifies an award of otherwise separate property.

¶ 12 A succinct summary of contribution cases is provided in *Kunzler v. Kunzler*, 2008 UT App 263, 190 P.3d 497, where this court addressed the wife's argument that she was entitled to part of her husband's separate business property because, although "she was not his partner in the business [at issue,] she was his partner in the business of marriage."[5] *Id.* ¶ 19 n. 5. In his partially dissenting opinion, Judge Davis discussed *Dunn v. Dunn*, 802 P.2d 1314 (Utah Ct.App.1990), and *Elman v. Elman*, 2002 UT App 83, 45 P.3d 176. *See Kunzler*, 2008 UT App 263, ¶ 19 n. 5, 190 P.3d 497. In both of those cases, the nonowner spouse was awarded a portion of the other spouse's separate property. *See Dunn*, 802 P.2d at 1318; *Elman*, 2002 UT App 83, ¶ 24, 45 P.3d 176. As stated in *Kunzler*, "the wife [in *Dunn* ] 'performed bookkeeping and secretarial services without pay' for the husband's medical practice, and therefore the business 'was founded and operated through the joint efforts and joint sacrifices of the parties.'" 2008 UT App 263, ¶ 19 n. 5, 190 P.3d 497 (quoting *Dunn*, 802 P.2d at 1318). Judge Davis also discussed *Elman*, where

the wife "not only managed the household, but also grew the parties' marital properties. She secured the land for and was in charge of building the parties' Park City home." ... The *Elman* court awarded the wife half of the increase in value of the properties during the marriage "*given the unusual responsibilities she assumed.*"

*Id.* (emphasis in original) (quoting *Elman*, 2002 UT App 83, ¶ 24, 45 P.3d 176).

¶ 13 As noted in the parties' briefs, there are cases predating *Mortensen, Elman*, and *Dunn* that appear to apply a more liberal standard in determining the appropriateness of awarding separate property to a nonowner spouse on the basis of contribution. In *Lee v. Lee*, 744 P.2d 1378 (Utah Ct.App.1987), this court reversed the trial court for failing to award the wife an equitable share of the husband's corporation, acquired during the marriage, where "the wife assisted in the operation of the corporation by assuming clerical duties, including typing, answering the phones, and paying bills. Moreover, the wife also reared the parties' two children and performed domestic duties, allowing the husband to participate full-time in the business." *Id.* at 1380. In *Savage v. Savage*, 658 P.2d 1201 (Utah 1983), the Utah Supreme Court noted that the trial court's property distribution—granting the wife forty percent of the value of the husband's company—was within its allotted discretion, in part, "while it is true that the [wife] took no responsibility for the business, it was her assumption of the domestic burdens which made possible the [husband's] full-time participation in the business." *Id.* at 1204.

¶ 14 *Mortensen, Dunn*, and *Elman* appear to require more active participation and contribution by the nonowner spouse in order to qualify under the contribution category of *Mortensen*. As noted in *Mortensen*, the results are different where there is "effort

---

4. The *Mortensen* court also stated separate property could be invaded in lieu of alimony or attorney fees. In this case, there was no award of alimony because both parties had remarried at the time of the trial concerning property division.

5. This characterization of the wife's argument is contained in a footnote of Judge Davis's opinion.

Judges Billings and Greenwood dissented and thus provided the majority opinion on the issue of whether a remand was appropriate. However, there was no disagreement with the summary provided by Judge Davis, and it is helpful to our review.

made by the nondonee or nonheir spouse to preserve or augment the asset," as compared to situations where there is a "lack of such efforts." 760 P.2d at 306.

¶ 15 In the case before us, the trial court found that Wife "was the primary homemaker and caretaker of [the parties' child]." Wife "has a beautician license and a massage therapist license" and "began working as [a] massage therapist in December of 1991." Wife "contributed to family finances by operating massage therapy and cosmetology businesses" in part of the parties' home. Based on these findings, the trial court concluded Wife should be awarded part of the increased equity in A & D, stating, "It is marital property because [Wife] has contributed to such increase by taking upon herself the household responsibilities and care of the child." The trial court then made several offsets to the respective awards of equity.

¶ 16 The court's findings regarding Wife's contributions to A & D's equity are inadequate to justify the award. They are vastly different in character and quantity than those found to justify an award in our recent case law. Wife did not assist in running the business nor contribute in any way to its increase in equity. Moreover, it is unclear whether the increase in equity was due to anything other than inflation. *See Burke v. Burke*, 733 P.2d 133, 135 (Utah 1987) (rejecting claim to appreciation of spouse's separate property, in part because the added value "came solely from the effects of inflation"). Wife behaved in a very normal and commendable manner by caring for the parties' child, maintaining the household, and running her own part-time business from their home. More is required, however, to justify an award of Husband's separate property.

¶ 17 We note that Wife did not seek an award of the equity in A & D based on *Mortensen's* second circumstance, requiring extraordinary situations. *See Mortensen*, 760 P.2d at 308. At trial, Wife argued that an award of an interest in A & D was justified either because the property had been commingled or because she had contributed sufficiently to its operation and success. In addition, the trial court made no findings that would justify the award on that basis.

Thus, it differs from *Kunzler*, where the majority of this court held that the wife had adequately preserved the issue of an equitable award because of extraordinary situations and the facts were supportive of that theory. *See Kunzler*, 2008 UT App 263, ¶¶ 33, 37, 190 P.3d 497. Therefore, we reverse the trial court's award to Wife of one-half of the increased equity in A & D and remand for reconsideration of other aspects of the divorce decree that may need to be adjusted in light of our decision.

## II. Attorney Fees

¶ 18 Husband also argues that the trial court abused its discretion by awarding attorney fees without analyzing certain necessary factors. As this court has recognized, when awarding attorney fees in divorce cases, the trial court is required to make explicit findings regarding "the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the requested fees." *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 49, 176 P.3d 476 (internal quotation marks omitted). While Wife admits that "the trial court did not make any explicit findings to support its award of attorney[ ] fee[s]," she argues that the court's findings on the aforementioned factors can be implied from the record. In this case, the court acknowledged that Husband makes more money than Wife, but it made no findings on Husband's ability to pay Wife's attorney fees or on the reasonableness of the fees incurred. Moreover, the record is not adequate to imply findings on the omitted factors. Consequently, we reverse the trial court's attorney fee award and remand for reconsideration and entry of sufficient findings of fact thereon.

## CONCLUSION

¶ 19 The trial court's property award of equity in A & D is based on insufficient findings of fact regarding ownership of the corporation and appears to award property that does not belong to Husband. Furthermore, the findings of fact do not support the trial court's conclusion that Wife contributed to the growth in equity sufficiently to entitle her to an award of any portion of the equity.

We reverse the trial court's award of one-half of A & D's increased equity and remand for adjustments in other portions of the decree necessitated by this decision. We also reverse and remand for reconsideration the trial court's attorney fee award in favor of Wife because the trial court failed to enter findings on all of the required factors.

¶ 20 I CONCUR: Judith M. Billings, Judge.

ORME, Judge (concurring specially):

¶ 21 I agree with the analysis in Parts I(B) and II of the lead opinion. I concur in the decision to remand the case so that the trial court can adjust its decree, if necessary, in light of our reversal of the award to Wife of the increased value of the equity in A & D. I also agree that, once this has been accomplished, the trial court should reconsider the award of attorney fees in the context of making adequate factual findings on the required criteria. The primary focus will, necessarily, be on Wife's need for assistance in paying her attorney fees given the property division and support provisions of the revised decree.

¶ 22 I do not join in Part I(A) of the lead opinion—not so much because I disagree with the analysis but because it is completely unnecessary to reach the issue treated in Part I(A) in view of our resolution in Part I(B). In Part I(B) we hold Wife has no claim on the increased value of the equity in A & D because her contributions to the marriage in child-rearing and homemaking are not the kind of business- or investment-related contributions envisioned in the line of cases beginning with *Mortensen v. Mortensen*, 760 P.2d 304 (Utah 1988), as warranting an award of one spouse's separate property to the other spouse. Thus, it simply does not matter, in the posture of this case, whether Husband owns all or only some of the stock in A & D or whether the increased value identified by the trial court is attributable to all issued shares or only the shares held beneficially by Husband. I could see the need to opine on these matters if we held in Part I(B) that Wife had some claim on the equity in A & D and the question then arose as to what portion of A & D's equity actually belonged to Husband and was thus awardable, in whole or in part, to Wife. But Husband's ownership percentage just does not matter in this divorce proceeding once we hold Wife has no claim on any of the equity in A & D.

¶ 23 The ownership interests of Husband, his brother, and his mother may need to be sorted out among themselves, but no findings the trial court made in this regard are binding in any way on the brother, the mother, or the corporation, given that they were not parties. Accordingly, there is no reason for us to deal with the stock ownership issue beyond making this simple observation.